Leonard Pete ORTEGA, Appellant,

v.

The STATE of Texas, Appellee.

No. 61233.

Court of Criminal Appeals of Texas, Panel No. 1.

Dec. 8, 1981.

Rehearing Denied Feb. 10, 1982.

J. Ronald Vercher, Houston, court appointed on appeal only, for appellant.

Carol S. Vance, Dist. Atty., and Alvin M. Titus and Ned Morris, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, CLINTON and McCORMICK, JJ.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for burglary. Upon the appellant's plea of true to an enhancement allegation, the jury assessed punishment at confinement for fifty years.

In his first ground of error, the appellant contends that the evidence was insufficient to show that an entry took place. The appellant was charged with burglary of a habitation. V.T.C.A. Penal Code, Sec. 30.02(a)(1). The house was secured at the front by a screen door which had a latch and a wooden door which had a dead bolt lock. The appellant was seen prying with a screwdriver on the wooden door of the house. Further investigation revealed that the latch on the screen door had been pulled off and that there were pry marks on that door. It also revealed that the door knob on the wooden door had been disabled and that the dead bolt lock had pry marks on it. The owner of the house testified that both doors had been closed and locked when he had left for work that day. This evidence showed an entry into that part of the house between the screen door and the wooden door. Such an entry is sufficient to constitute an "entry" under V.T.C.A. Penal Code, Sec. 30.02. The first ground of error is overruled.

In his second ground of error, the appellant contends that it was reversible error to admit evidence of an extraneous offense to prove the appellant's intent to commit theft. Officer Terrell of the Houston Police Department testified that on March 15, 1977, he stopped the appellant for a traffic offense. He then discovered that there was an outstanding arrest warrant for the appellant in a burglary case. Pursuant to his arrest of the appellant, Terrell searched the appellant's van. He discovered a clock radio which further investigation showed had been taken during a burglary committed

the day before.[1] The radio was admitted into evidence.

The victim of the March 14 burglary testified that his front door had been pried open by what appeared to be a large screwdriver. He identified the clock radio as his.

Before any of this testimony was introduced, the appellant made a motion in limine asking that the State be prohibited from introducing evidence of any extraneous offenses. The motion stated that identity was not an issue in the case and that the appellant had raised no defensive theory concerning motive or intent. The trial court overruled the motion and stated that the motion and ruling were sufficient for the appellant to have a continuing objection to the testimony. At the conclusion of the testimony the trial court instructed the jury as follows:

"THE COURT: Now, ladies and gentlemen, the testimony that you have just recently heard from the last two witnesses deals with an alleged burglary and committing of theft. I instruct you that that testimony is not within itself testimony as to guilt of the defendant. And the Court permitted the testimony to be offered in evidence solely for the purpose of proving intent, if anything; if it does or did prove intent, and for no other purpose whatever. That's the Court's statement. And you're bound by that statement, ladies and gentlemen of the jury."

The court's charge to the jury contained a similar limiting instruction.

■ Despite these limiting instructions, we hold that it was reversible error to admit the testimony concerning the extraneous offense. As a general rule, it is well established

"... that an accused is entitled to be tried on the accusation made in the state's pleading and that he should not be tried for some collateral crime or for being a criminal generally. [citations omitted] Evidence of other crimes committed by the accused may be admitted, how-

ever, where such evidence is shown to be both material and relevant to a *contested issue* in the case." [citations omitted] (emphasis added).

*Albrecht v. State*, 486 S.W.2d 97, 100 (Tex. Cr.App.1972).

Although the extraneous offense was relevant to the issue of the appellant's intent, we do not find that the appellant's intent was a contested issue. The appellant did not testify in this case, nor did he offer any defensive theory through other witnesses. He, therefore, did not put in issue the intent with which he entered the habitation.

The State argues that the extraneous offense was admissible to show intent because it was the State's burden to show that the appellant had the intent to commit theft at the time of his entry, citing *Ruiz v. State*, 523 S.W.2d 691 (Tex.Cr.App.1975); *Crawley v. State*, 513 S.W.2d 62 (Tex.Cr.App.1974); and *Albrecht v. State*, 486 S.W.2d 97 (Tex. Cr.App.1972). However, we do not read any of those cases to support the State's position. In *Ruiz*, a murder case, the State put on evidence of an extraneous offense to rebut the defendant's testimony concerning his relationship with the deceased and his state of mind at the time of the murder. Thus, the defendant had put in issue his motive or state of mind.

In *Crawley*, the defendant's intent was in issue for a different reason. There the defendant was charged with willful injury to the personal property of another. The charge arose out of an automobile collision. As the court noted, the fact of the collision was not an event from which the essential intent—willful injury—could be inferred. It was, therefore permissible for the State to show that the defendant had been involved in six other collisions at the same location and under similar circumstances in order to show the required intent.

Finally, *Albrecht* does not support the State. It merely states the rule applied in *Crawley*:

"Evidence of extraneous offenses committed by the accused has been held ad-

---

1. The outstanding arrest warrant was not for     this March 14 burglary.

missible ... (3) to prove scienter, where intent or guilty knowledge is an essential element of the state's case *and* cannot be inferred from the act itself." (emphasis added).

*Albrecht v. State*, 486 S.W.2d 97, 100 (Tex. Cr.App.1972). It is the latter requirement which puts intent in issue. When the required intent can be inferred from the act itself, and the defendant puts on no evidence to rebut the inference, intent cannot be said to be a contested issue.

It is well settled in this State that the question of the intent with which a person enters a building is a fact question which a jury can resolve from the surrounding circumstances. *Simmons v. State*, 590 S.W.2d 137 (Tex.Cr.App.1979); *Williams v. State*, 537 S.W.2d 936 (Tex.Cr.App.1976); *Hutchinson v. State*, 481 S.W.2d 881 (Tex. Cr.App.1972).

In the instant case, circumstances surrounding the offense were certainly sufficient for the jury to infer an intent to commit theft. The appellant was seen prying on the front door of a house in which no one was then home, while an accomplice waited in a car parked in front of the house. When he was seen by a uniformed police officer, the appellant immediately stopped his attempt to enter the house and fled in the waiting car. The screen door latch had been pulled off and the wooden door of the house had been damaged in an attempt to pry it open.

Since an intent to commit theft could be inferred from the circumstances of the alleged offense, and since the appellant put on no evidence to rebut such an inference, the appellant's intent was not a contested issue in his trial.

For this reason, it was error to admit the testimony concerning the extraneous burglary. We, therefore, reverse this cause and remand it for a new trial.