Kenneth Rydell DANIELS, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–82–00025–CR.

Court of Appeals of Texas,
Dallas.

May 26, 1983.

Fred McDaniel, Desoto, for appellant.

Henry Wade, Dist. Atty., Donald G. Davis, Asst. Dist. Atty., for appellee.

Before AKIN, WHITHAM and MALONEY, JJ.

MALONEY, Justice.

Kenneth Rydell Daniels appeals his conviction for burglary of a habitation. Trial was before a jury which assessed punishment at confinement for a term of twenty-five years. Appellant asserts as error (1) that the evidence is insufficient to support the allegations contained in the indictment, and (2) that the trial court's charge authorized his conviction on a theory not alleged in the indictment. We affirm the conviction.

We will discuss appellant's last ground of error first as it is relevant to both grounds of error. The indictment, omitting the formal parts, reads, that appellant did unlawfully:

> knowingly and intentionally enter a habitation without the effective consent of [the owner], with the intent to commit

theft *and* aggravated assault.... (emphasis added)

The trial court's charge, in pertinent part, reads:

> [I]f you believe ... beyond a reasonable doubt that [appellant] ... did then and there, unlawfully and knowingly or intentionally ... enter a habitation without the effective consent of [the owner], and that the entry was made with the intent to commit theft ... *or* with the intent to commit aggravated assault ... you will find [appellant] guilty.... (emphasis added)

Appellant's complaint centers upon the substitution of the word *or* in the charge for the word *and* in the indictment. He contends that since the State elected to allege that the entry was made with two distinct specific intents, then proof of both must be made, and that the trial court erred in allowing the jury to convict him upon proof of one or the other. The State argues that the charge is not erroneous because the allegation of "with intent to commit theft and aggravated assault" refers to the manner and means of commiting the offense, and that manner and means may be alleged conjunctively and charged disjunctively. While the State correctly states the law on manner and means, *see Zanghetti v. State,* 618 S.W.2d 383, 386 (Tex.Cr.App.1981); *Lucero v. State,* 502 S.W.2d 750, 755 (Tex.Cr.App.1973), it is inapplicable here.

An allegation of an entry made with intent to commit theft or a felony under article 30.02(a)(1) of the Texas Penal Code is an allegation of a culpable mental state. *Johnson v. State,* 537 S.W.2d 16 (Tex.Cr.App.1976); *Teniente v. State,* 533 S.W.2d 805 (Tex.Cr.App.1976); *Robinson v. State,* 630 S.W.2d 394 (Tex.App.—San Antonio 1982). Culpable mental states may be alleged conjunctively in the indictment and submitted to the jury in the court's charge disjunctively. *Cowan v. State,* 562 S.W.2d 236 (Tex.Cr.App.1978); *Mott v. State,* 543 S.W.2d 623 (Tex.Cr.App.1976). The trial court's charge did not authorize a conviction of appellant on a theory not alleged in the

**616**

indictment. Appellant's second ground of error is overruled.

 We now turn to appellant's first ground of error. He contends that the evidence is insufficient to support his conviction because the State failed to prove that he entered the habitation with both the intent to commit theft and the intent to commit aggravated assault. The State was not required to prove that the entry was made with both intents. Proof of either intent is sufficient to support appellant's conviction for burglary of a habitation. *Cowan,* 562 S.W.2d at 240. The evidence shows that on the day of the offense appellant was seen near the apartment by the complainant's brother. Later, Lisa Edwards, the complainant, woke up and saw appellant standing at the foot of her bed holding a knife. After looking at the intruder for a few moments, she began to scream and got out of bed, starting toward the bedroom door. Appellant told her to "shut up." When she continued to scream, he dropped the knife and hit her twice. Edwards, aware that her older brother had left for work, pretended that he had returned and said, "Here come [sic] my brother. Come on, Jimmy." Appellant then fled the bedroom, running from the apartment through the open front door. Nothing was taken from the apartment and nothing appeared to be disturbed.

The intent with which an entry is made is a fact question for the jury, *Ortega v. State,* 626 S.W.2d 746 (Tex.Cr.App.1981); *Baker v. State,* 625 S.W.2d 840 (Tex.Cr.App. 1981); *Stearn v. State,* 571 S.W.2d 177 (Tex. Cr.App.1978); and the specific intent can be inferred from the circumstances of the case. *Ortega,* 626 S.W.2d at 749; *Taylor v. State,* 630 S.W.2d 469, 472 (Tex.App.—San Antonio 1982). The circumstances of the instant case are sufficient for the jury to find appellant entered the apartment with the intent to commit theft. The complainant's older brother, as he was leaving for work, saw appellant near the apartment. The complainant identified the appellant as the man she saw in her apartment. When the complainant ·began screaming and yelling

for her brother, appellant fled from the apartment. *See and cf. Ortega,* 626 S.W.2d 746. Finding the evidence sufficient with respect to an entry made with the intent to commit theft, we do not consider the sufficiency of the evidence as to an intent to commit aggravated assault. Appellant's first ground of error is overruled.

The judgment is affirmed.