Affirmed and Memorandum Opinion filed April 20, 2006









Affirmed
and Memorandum Opinion filed April 20, 2006.

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00764-CR

____________

 

DWAYNE LEE
RICHARDSON,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from County
Court at Law No. 5

Harris County, Texas

Trial Court Cause No. 1178787

 



 

M E M O R A N D U M  O P I N I O N

Challenging his conviction for burglary of
a vehicle, appellant Dwayne Lee Richardson contends that the evidence is
legally and factually insufficient to support his conviction.  We affirm. 

I.  Factual and Procedural Background








On June 17, 2003, shortly before 10:00
p.m., Christina Roberts saw two unfamiliar men, whom she later identified as
appellant and Larry Fontenot, in the parking lot of her apartment complex.  The men appeared to be looking in windows of
various cars parked in the lot.   Roberts
watched the men for about ten minutes and then called 911.  As she was talking to the 911 operator, a car
passed by the two men and they ducked down behind a trash dumpster.  Shortly thereafter, Roberts heard a car alarm
activate and saw the men run away from a black Hyundai Elantra automobile. One
of them appeared to be carrying something in his hand.  Roberts remained on the phone until Officer
Eric Lopez with the Harris County Sheriff=s Department
arrived about five minutes later.  The
Hyundai Elantra had been burglarized. 

Officer Lopez drove around the complex
looking for the suspects and eventually saw two men who matched the description
Roberts had provided.  By the time
Officer Lopez drove up to the men, they already were walking across the grass
toward the exit.   Officer Lopez summoned
the two men, and after some hesitation, they complied. Officer Eddie Pavloski
arrived on the scene to assist Officer Lopez. 
Officer Pavloski asked Fontenot whether he lived in the apartment
complex.  Fontenot stated that he did
not, but explained that he had followed a friend into the complex in order to
meet some girls.  Fontenot,  appearing quite nervous and stuttering while
he talked, could not identify these girls nor could he give Officer Lopez any
apartment numbers.  Despite the warm June
weather, Fontenot had a pair of gloves in his front pocket .  Officer Pavloski interviewed appellant, who
also claimed that he and Fontenot were at the apartment complex to visit a
friend.  However, appellant did not
mention following anyone into the complex nor did he mention any girls.  Like Fontenot, appellant appeared very
nervous. Appellant was sweating profusely during his interview with the
officers.








Virginia Whiteside, a resident of the
apartment complex, and her sister both owned Hyundai Elantra vehicles.   Whiteside=s sister was out
of town, but Whiteside had started her sister=s car around 6:00
p.m. to keep the engine lubricated.   At
this time, there was no damage to the car. 
The officers came to Whiteside=s  apartment around 10:30 p.m. to inform her
that the car had been burglarized.  The
front passenger-side window was completely broken and the dashboard had been
ripped out.  The CD player and various
CDs were missing, which were later found near some hedges in close proximity to
where Officer Lopez first detained appellant and Fontenot. 

Appellant was charged by information with
the offense of burglary of a vehicle. 
Appellant pleaded not guilty.  On February
13, 2004, appellant=s 
jury trial commenced, but the jury could not reach an unanimous
verdict.  On July 21, 2004, the case was
tried again.  Whiteside, Roberts, and the
arresting officers testified for the State. 
Appellant=s only witness at trial was his wife, who
testified that on the date in question, appellant left for work around 7:00
p.m. and later called her from jail.  The
second jury trial resulted in an unanimous verdict of guilty of burglary  of a vehicle with the intent to commit
theft.  Appellant was sentenced to one
year confinement in the Harris County jail, and assessed a fine of
$4,000.00.   

II. Issues
Presented 

Appellant asserts two issues on appeal: 

(1)     The
evidence is legally insufficient to support his conviction because the
essential element of Abreaking@ or Aentering@ a vehicle was not shown beyond a
reasonable doubt.

(2)     The
evidence is factually insufficient to support his conviction of burglary with
the intent to commit theft.[1]


 

III.  Analysis 

 








In evaluating a
legal-sufficiency challenge, we view the evidence in the light most favorable
to the verdict.  Wesbrook v. State,
29 S.W.3d 103, 111 (Tex. Crim. App. 2000). 
The issue on appeal is not whether we, as a court, believe the State=s evidence or
believe that appellants= evidence outweighs the State=s evidence.  Wicker v. State, 667 S.W.2d 137, 143 (Tex.
Crim. App. 1984).  The verdict may not be
overturned unless it is irrational or unsupported by proof beyond a reasonable
doubt. Matson v. State, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991).  The jury, as the trier of fact, Ais the sole judge
of the credibility of the witnesses and of the strength of the evidence.@  Fuentes v. State, 991 S.W.2d 267, 271
(Tex. Crim. App. 1999).  The jury may choose
to believe or disbelieve any portion of the witnesses= testimony.  Sharp v. State, 707 S.W.2d 611, 614 (Tex.
Crim. App. 1986).  When faced with
conflicting evidence, we presume the trier of fact resolved conflicts in favor
of the prevailing party.  Turro v.
State, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993).  Therefore, if any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt,
we must affirm.  McDuff v. State,
939 S.W.2d 607, 614 (Tex. Crim. App. 1997).

In contrast, when
evaluating a challenge to the factual sufficiency of the evidence, we view all
the evidence in a neutral light and inquire whether the jury was rationally
justified in finding guilt beyond a reasonable doubt.  Zuniga v. State, 144 S.W.3d 477, 484
(Tex. Crim. App. 2004).  A reviewing
court may find the evidence factually insufficient in two ways.  Id. 
First, when considered by itself, the evidence supporting the verdict
may be too weak to support the finding of guilt beyond a reasonable doubt.  Id. 
Second, after weighing the evidence supporting the verdict and the
evidence contrary to the verdict, the contrary evidence may be strong enough
that the beyond-a- reasonable-doubt standard could not have been met.  Id. 
at 484B85. 
In conducting the factual-sufficiency review, we must employ appropriate
deference so that we do not substitute our judgment for that of the fact
finder.  Id. at 481B82.  Our evaluation should not intrude upon the
fact finder=s role as the sole judge of the weight and
credibility given to any witness=s testimony.  Cain v. State, 958 S.W.2d 404, 407 (Tex.
Crim. App. 1997).   We must discuss the
evidence appellant claims is most important in allegedly undermining the jury=s verdict.  Sims v. State, 99 S.W.3d 600, 603
(Tex. Crim. App. 2003).








Appellant
complains that the evidence is both legally and factually insufficient to prove
that he committed burglary of a vehicle with the intent to commit theft.  More specifically, he contends that the
evidence does not prove the essential elements of Abreaking@ or Aentering@ a vehicle because
Roberts did not actually see him break into the vehicle.[2]   

A person commits
the offense of burglary of a motor vehicle if, without the effective consent of
the owner, that person breaks into or enters a vehicle with the intent to commit
any felony or theft. Tex. Penal Code Ann.
' 30.04(a) (Vernon
Supp. 2005).  In a burglary prosecution,
intent to commit theft may be inferred from the circumstances.   Moreno v. State, 702 S.W.2d 636, 641
(Tex. Crim. App. 1986); Coleman v. State, 832 S.W.2d 409, 413 (Tex. App.BHouston [1st
Dist.] 1992, pet. ref=d) (specific intent to burglarize motor
vehicle can be inferred from circumstances). 
The jury is exclusively empowered to determine the issue of intent, and
the events of a burglary may imply the intent with which the burglar entered. Moreno,
702 S.W.2d at 641; Joseph v. State, 679 S.W.2d 728, 730 (Tex. App.BHouston [1st
Dist.] 1984, no pet.).  Furthermore,
property need not be taken for proof of intent to commit theft to be
sufficient.  Ortega v. State, 626
S.W.2d 746, 749 (Tex. Crim. App. 1981).

A person Aenters@ a vehicle if he
intrudes any part of his body, or any physical object connected with the
body.  Tex.
Pen. Code Ann. ' 30.04 (b) (Vernon Supp. 2005).   Proof of entry may be shown by
circumstantial evidence.  Clark v.
State, 543 S.W.2d 125, 127 (Tex. Crim. App. 1976); Boudreaux v. State,
757 S.W.2d 139, 147 (Tex. App.BHouston [1st
Dist.] 1988, pet. ref=d). 
Appellant contends that the evidence is factually and legally
insufficient to show that he entered the vehicle because no one actually saw
him enter the vehicle, his fingerprints were not found on the vehicle or the
stolen property that was later recovered, and he was not found in possession of
any stolen property.  








We conclude that
there is sufficient circumstantial and direct evidence to show that appellant
entered the vehicle in question with the intent to commit theft.  Appellant was seen canvassing the cars in the
parking lot and carefully studying the Elantra automobile  that was burglarized shortly thereafter.  Roberts heard the car alarm activate and saw
appellant and his companion walking away from the car around the same
time.   The passenger side window was
smashed and a CD player and various CDs were missing, all of which were found
near the hedges where appellant was detained by the police.  Appellant and his companion were both very
nervous and gave conflicting explanations as to their presence at the apartment
complex.  And appellant=s companion was in
possession of a pair gloves, an unnecessary and unusual accouterment in Houston=s warm June
weather.

After reviewing the record, we conclude
that the evidence is both legally and factually sufficient to support appellant=s conviction. Viewing
the evidence in a light most favorable to the verdict, we conclude a jury
rationally could have found beyond a reasonable doubt that appellant committed
burglary of a vehicle with the intent to commit theft.  Viewing the evidence in a neutral light, we
conclude the evidence is not too weak, nor the contrary evidence too strong, to
support a finding of guilt beyond a reasonable doubt.  Accordingly, we overrule appellant=s two issues. 

Having overruled all of appellant=s issues, we
affirm the trial court=s judgment. 

 

 

 

/s/      Kem Thompson Frost

Justice

 

Judgment rendered and Memorandum Opinion filed April 20,
2006.

Panel consists of Justices Hudson, Frost, and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).











[1]  Because of the
similarity of these two issues, we address them together. 





[2]  Appellant
relies on the same arguments and testimony in connection with both sufficiency
challenges.