TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-08-00356-CR







Mark Lyn Shrader, Appellant



v.



The State of Texas, Appellee






FROM THE COUNTY COURT AT LAW NO. 6 OF TRAVIS COUNTY


NO. C1CR-08-201840, HONORABLE JAN BRELAND, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



A jury found appellant Mark Lyn Shrader guilty of burglary of a coin-operated
machine and assessed his punishment at nine months in jail. See Tex. Penal Code Ann. § 30.03
(West 2003). Appellant challenges the legal and factual sufficiency of the evidence to sustain the
jury's guilty verdict. He also contends that the trial court erred by refusing to allow him to question
a witness regarding the witness's citizenship status, by admitting evidence of an extraneous offense,
by admitting testimonial hearsay, and by refusing a requested jury charge on whether there was
probable cause to arrest. Finding no error, we affirm the conviction.

On the day in question, Caesar Herrera, a maintenance worker at the Austin Pacifica
apartments, was told by a resident of the complex that something was happening in the laundry
room. (1) Herrera walked to the laundry room, which was nearby, and looked through the window. 
He saw a man, identified as appellant, "forcing the machine with a crow bar." Herrera described the
bar as "the one you use to change the tires of the cars." Herrera indicated that appellant was using
the bar to force open the cash box on the machine. Appellant saw Herrera, stopped what he was
doing, and left the room. Herrera called the apartment manager, Alfredo Tijerina, and told him what
he had seen. Herrera, Tijerina, and another apartment employee, Miguel Luna, followed appellant
to another apartment complex and found him standing behind the laundry room there. Appellant had
what appears from a photograph to be a tire tool inside his sleeve. The three men detained appellant
until the police arrived. 

Appellant contends that the evidence is legally insufficient to sustain the guilty
verdict. When there is a challenge to the sufficiency of the evidence to sustain a criminal conviction,
the question presented is whether a rational trier of fact could have found the essential elements of
the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 324 (1979) (legal
sufficiency); Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (legal sufficiency);
Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000) (factual sufficiency). In a legal
sufficiency review, all the evidence is reviewed in the light most favorable to the verdict; it is
assumed that the trier of fact resolved conflicts in the testimony, weighed the evidence, and drew
reasonable inferences in a manner that supports the verdict. Clayton, 234 S.W.3d at 778. 

Appellant argues that the State failed to prove that he successfully opened the coin
box, and therefore he urges that the evidence shows only an attempted burglary. For the purpose of
a prosecution for burglary of a coin operated machine, "entry" means every kind of entry except one
made with the owner's effective consent. Id. § 30.03(b). This definition appears to be derived from
the former penal code. See Griffin v. State, 815 S.W.2d 576, 577 (Tex. Crim. App. 1991) (quoting
former art. 1392). In Griffin, the court wrote that "entry in the sense long established for burglary"
means a "breaking of the close." Id. at 579. Any intrusion into the protected enclosure is sufficient
to constitute an entry. See Ortega v. State, 626 S.W.2d 746, 747 (Tex. Crim. App. 1981) (holding
that proof of entry into area between screen door and wooden door was sufficient to prove entry into
habitation); Woods v. State, 814 S.W.2d 213, 215-16 (Tex. App.--Tyler 1991, no pet.) (holding that
evidence defendant cut window and door screens was sufficient to prove entry). The physical
intrusion of some part of the body is not required; entry is accomplished if an object connected to
the body intrudes into the protected premises. See Tex. Penal Code Ann. § 30.02(b)(2) (West 2003)
(defining "entry" for purposes of burglary statute). In Griffin, the court of criminal appeals stated
that "the interpretation of entry should be consistent" when applying the burglary statutes. 
815 S.W.2d at 579.

Herrera testified that he saw appellant attempting to pry open the coin box with a
crow bar or tire tool. Appellant was found a few minutes later with a tire tool in his possession. 
Herrera's testimony was also corroborated by photographs showing damage to the top of the coin
box where the lock was located. The top was bent upward, as it would be if appellant had been
forcing the coin box open with the tire tool. Viewing this evidence in the light most favorable to the
verdict, the jury could rationally conclude that appellant "broke the close" of the coin box by forcibly
intruding the tire tool into the enclosed and locked portion of the box, and that he did so with the
intent to steal any money the box might contain. Point of error one is overruled.

Appellant also contends that the evidence is factually insufficient to sustain the
conviction. In a factual sufficiency review, all the evidence is considered equally, including the
testimony of defense witnesses and the existence of alternative hypotheses. Clewis v. State,
922 S.W.2d 126, 129 (Tex. Crim. App. 1996); Orona v. State, 836 S.W.2d 319, 321 (Tex.
App.--Austin 1992, no pet.). The evidence will be deemed factually insufficient if the evidence
supporting the verdict is so weak as to make the finding of guilt clearly wrong or manifestly unjust,
or if the verdict is against the great weight and preponderance of the available evidence. Watson
v. State, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006); Johnson, 23 S.W.3d at 11. 

Appellant urges that the only evidence of his guilt came from "the self-serving
testimony of several employees of the apartment complex." We must, however, accord considerable
deference to the jury's factual determinations, particularly those concerning the weight and
credibility of the evidence, and we may disagree with the result only to prevent a manifest injustice. 
Johnson, 23 S.W.3d at 9; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). We do not
believe that the jury's decision to believe Herrera's testimony and that of the State's other witnesses
was manifestly wrong. Point of error two is overruled.

Appellant contends that his Sixth Amendment confrontation right was violated when
Herrera was allowed to testify that a resident of the apartment complex told him "something was
happening at the laundry mat." Appellant asserts that this was testimonial hearsay and that its
admission violated his rights under Crawford v. Washington, 541 U.S. 36 (2004). The trial court
ruled that the statement was not offered to prove the truth of the matter stated and that, in any event,
the statement was not testimonial.

A trial court's ruling admitting or excluding evidence is reviewed for an abuse of
discretion. Ramos v. State, 245 S.W.3d 410, 417-18 (Tex. Crim. App. 2008). The record supports
the trial court's determination that the challenged evidence was not offered to prove that "something
was happening" in the laundry room, but only to explain why Herrera happened to go there and catch
appellant in the act of burglarizing the coin box. The record further supports the court's
determination that the out-of-court statement was not testimonial; that is, it was not made with the
expectation that it would be used prosecutorially. See Crawford, 541 U.S. at 51-52. Point of error
five is overruled.

Appellant also urges that the trial court erred by admitting evidence that he had a
crack pipe in his possession. The arresting officer testified that when he arrived at the scene where
appellant was being detained, Tijerina told him that appellant was armed. The officer frisked
appellant for weapons and found the tire tool, wire cutters, a screwdriver, a glove, a knife, scissors,
hedge clippers, and a small metal crack pipe. The officer said that he then arrested appellant for
possession of narcotics paraphernalia. Appellant urges that the evidence he possessed the crack pipe
was unfairly prejudicial. See Tex. R. Evid. 403. 

When deciding whether to exclude evidence under rule 403, the trial court must
consider how compellingly the challenged evidence serves to make more or less probable a fact of
consequence, and then balance that against the potential of the evidence to impress the jury in some
irrational but nevertheless indelible way. Montgomery v. State, 810 S.W.2d 372, 389-90 (Tex. Crim.
App. 1991) (op. on reh'g). In this case, the trial court overruled appellant's rule 403 objection after
concluding that his possession of the crack pipe was relevant to explain the basis for his arrest and
as same transaction contextual evidence, and that the probative value of the evidence outweighed
any unfair prejudice. The question is a close one, but affording the trial court's decision the
deference it is due, we find no abuse of discretion. Moreover, we conclude that if the court abused
its discretion by admitting the evidence, the error was harmless. See Tex. R. App. P. 44.2(b). The
testimony regarding the crack pipe was brief and matter-of-fact. The State did not seek to emphasize
appellant's possession of the pipe, and made no further reference to it during the trial. The only
mention of the pipe during closing arguments was by defense counsel. On this record, any error in
admitting the evidence that appellant possessed a crack pipe when arrested did not prejudice his
substantial rights. Point of error four is overruled.

Appellant next contends that his constitutional due process and confrontation rights
were violated when the trial court refused to allow him to question one of the State's witnesses
regarding his citizenship status. See U.S. Const. amend. V, VI, XIV. While cross-examining Luna,
appellant's counsel asked, "Are you a U.S. citizen, sir?" When the State objected to the question
as irrelevant, counsel responded that this was a proper subject for impeachment because entering the
United States unlawfully is a crime of moral turpitude. He repeats this argument on appeal, adding
that if Luna had been shown to be an illegal alien, this would be evidence of a bias or motive for him
to testify in his employer's favor.

The Sixth Amendment includes the right to cross-examine witnesses to attack their
general credibility or to show their possible bias, self-interest, or motives in testifying. Davis
v. Alaska, 415 U.S. 308, 316 (1974). This right is not unqualified, however, and a trial judge has
wide discretion in limiting the scope and extent of cross-examination. Delaware v. Van Arsdall,
475 U.S. 673, 679 (1986). In general, the right to present evidence and to cross-examine witnesses
under the Sixth Amendment does not conflict with the corresponding rights under state evidence
rules, and most questions regarding the scope of cross-examination may be resolved by looking
to the rules of evidence. Hammer v. State, No. PD-0786-08, 2009 Tex. Crim. App. LEXIS 513,
at *10-11 (Tex. Crim. App. Apr. 8, 2009). Those rules provide that evidence of specific instances
of conduct other than conviction of a crime may not be inquired into on cross-examination. Tex. R.
Evid. 608(b). Appellant did not show and does not allege that Luna has been convicted for entering
the United States unlawfully. Appellant's argument that Luna's immigration status gave him a
motive to testify falsely was not raised below and, in any event, is not supported by the record. 
Counsel did not take Luna on voir dire or otherwise make a record as to whether Luna is or is not
in this country lawfully. (2) See Tex. R. Evid. 613(b). No due process or confrontation violation is
shown. Point of error three is overruled.

Finally, appellant contends that the trial court erred by refusing his request for an
article 38.23 instruction. See Tex. Code Crim. Proc. Ann. art. 38.23(a) (West 2005). Under this
statute, a defendant is entitled to a jury instruction regarding disputed issues of fact that are material
to his claim of a constitutional or statutory violation that would render evidence inadmissible. 
Madden v. State, 242 S.W.3d 504, 509-10 (Tex. Crim. App. 2007). In this case, appellant asked for
an instruction regarding whether his detention by Tijerina, Herrera, and Luna was lawful under
article 18.16. See id. art. 18.16 (preventing consequences of theft). Appellant does not, however,
identify any disputed fact issues material to the application of article 18.16. It is clear from his
arguments below and in this Court that appellant wanted the jury to decide the legal question
whether, under the undisputed facts, he was lawfully detained. (3) The requested instruction was
properly refused. Point of error six is overruled.

The judgment of conviction is affirmed.



 ___________________________________________

 Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed: November 10, 2009

Do Not Publish
1. We spell Herrera's first name as it appears in the reporter's record. In appellant's brief, it
is "Cesar."
2. Counsel asked Tijerina outside the jury's presence if he knew Luna's and Herrera's
immigration status. Tijerina said he did not.
3. In his brief, appellant states that "[t]he fact question for the jury [was]: Did Tijerina or the
members of his posse, have the power/authority to hold Appellant against his will?" This is a
question of law, not a question of fact.