# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00356-CR

**Mark Lyn Shrader, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 6 OF TRAVIS COUNTY
### NO. C1CR-08-201840, HONORABLE JAN BRELAND, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Mark Lyn Shrader guilty of burglary of a coin-operated machine and assessed his punishment at nine months in jail. *See* Tex. Penal Code Ann. § 30.03 (West 2003). Appellant challenges the legal and factual sufficiency of the evidence to sustain the jury's guilty verdict. He also contends that the trial court erred by refusing to allow him to question a witness regarding the witness's citizenship status, by admitting evidence of an extraneous offense, by admitting testimonial hearsay, and by refusing a requested jury charge on whether there was probable cause to arrest. Finding no error, we affirm the conviction.

On the day in question, Caesar Herrera, a maintenance worker at the Austin Pacifica apartments, was told by a resident of the complex that something was happening in the laundry

room.[1]  Herrera walked to the laundry room, which was nearby, and looked through the window. He saw a man, identified as appellant, "forcing the machine with a crow bar." Herrera described the bar as "the one you use to change the tires of the cars." Herrera indicated that appellant was using the bar to force open the cash box on the machine. Appellant saw Herrera, stopped what he was doing, and left the room. Herrera called the apartment manager, Alfredo Tijerina, and told him what he had seen. Herrera, Tijerina, and another apartment employee, Miguel Luna, followed appellant to another apartment complex and found him standing behind the laundry room there. Appellant had what appears from a photograph to be a tire tool inside his sleeve. The three men detained appellant until the police arrived.

Appellant contends that the evidence is legally insufficient to sustain the guilty verdict. When there is a challenge to the sufficiency of the evidence to sustain a criminal conviction, the question presented is whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979) (legal sufficiency); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (legal sufficiency); *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000) (factual sufficiency). In a legal sufficiency review, all the evidence is reviewed in the light most favorable to the verdict; it is assumed that the trier of fact resolved conflicts in the testimony, weighed the evidence, and drew reasonable inferences in a manner that supports the verdict. *Clayton*, 234 S.W.3d at 778.

---

[1] We spell Herrera's first name as it appears in the reporter's record. In appellant's brief, it is "Cesar."

Appellant argues that the State failed to prove that he successfully opened the coin box, and therefore he urges that the evidence shows only an attempted burglary. For the purpose of a prosecution for burglary of a coin operated machine, "entry" means every kind of entry except one made with the owner's effective consent. *Id*. § 30.03(b). This definition appears to be derived from the former penal code. *See Griffin v. State*, 815 S.W.2d 576, 577 (Tex. Crim. App. 1991) (quoting former art. 1392). In *Griffin*, the court wrote that "entry in the sense long established for burglary" means a "breaking of the close." *Id*. at 579. Any intrusion into the protected enclosure is sufficient to constitute an entry. *See Ortega v. State*, 626 S.W.2d 746, 747 (Tex. Crim. App. 1981) (holding that proof of entry into area between screen door and wooden door was sufficient to prove entry into habitation); *Woods v. State*, 814 S.W.2d 213, 215-16 (Tex. App.—Tyler 1991, no pet.) (holding that evidence defendant cut window and door screens was sufficient to prove entry). The physical intrusion of some part of the body is not required; entry is accomplished if an object connected to the body intrudes into the protected premises. *See* Tex. Penal Code Ann. § 30.02(b)(2) (West 2003) (defining "entry" for purposes of burglary statute). In *Griffin*, the court of criminal appeals stated that "the interpretation of entry should be consistent" when applying the burglary statutes. 815 S.W.2d at 579.

Herrera testified that he saw appellant attempting to pry open the coin box with a crow bar or tire tool. Appellant was found a few minutes later with a tire tool in his possession. Herrera's testimony was also corroborated by photographs showing damage to the top of the coin box where the lock was located. The top was bent upward, as it would be if appellant had been forcing the coin box open with the tire tool. Viewing this evidence in the light most favorable to the

verdict, the jury could rationally conclude that appellant "broke the close" of the coin box by forcibly intruding the tire tool into the enclosed and locked portion of the box, and that he did so with the intent to steal any money the box might contain. Point of error one is overruled.

Appellant also contends that the evidence is factually insufficient to sustain the conviction. In a factual sufficiency review, all the evidence is considered equally, including the testimony of defense witnesses and the existence of alternative hypotheses. *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); *Orona v. State*, 836 S.W.2d 319, 321 (Tex. App.—Austin 1992, no pet.). The evidence will be deemed factually insufficient if the evidence supporting the verdict is so weak as to make the finding of guilt clearly wrong or manifestly unjust, or if the verdict is against the great weight and preponderance of the available evidence. *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006); *Johnson*, 23 S.W.3d at 11.

Appellant urges that the only evidence of his guilt came from "the self-serving testimony of several employees of the apartment complex." We must, however, accord considerable deference to the jury's factual determinations, particularly those concerning the weight and credibility of the evidence, and we may disagree with the result only to prevent a manifest injustice. *Johnson*, 23 S.W.3d at 9; *Cain v. State*, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). We do not believe that the jury's decision to believe Herrera's testimony and that of the State's other witnesses was manifestly wrong. Point of error two is overruled.

Appellant contends that his Sixth Amendment confrontation right was violated when Herrera was allowed to testify that a resident of the apartment complex told him "something was happening at the laundry mat." Appellant asserts that this was testimonial hearsay and that its

4

admission violated his rights under *Crawford v. Washington*, 541 U.S. 36 (2004). The trial court ruled that the statement was not offered to prove the truth of the matter stated and that, in any event, the statement was not testimonial.

A trial court's ruling admitting or excluding evidence is reviewed for an abuse of discretion. *Ramos v. State*, 245 S.W.3d 410, 417-18 (Tex. Crim. App. 2008). The record supports the trial court's determination that the challenged evidence was not offered to prove that "something was happening" in the laundry room, but only to explain why Herrera happened to go there and catch appellant in the act of burglarizing the coin box. The record further supports the court's determination that the out-of-court statement was not testimonial; that is, it was not made with the expectation that it would be used prosecutorially. *See Crawford*, 541 U.S. at 51-52. Point of error five is overruled.

Appellant also urges that the trial court erred by admitting evidence that he had a crack pipe in his possession. The arresting officer testified that when he arrived at the scene where appellant was being detained, Tijerina told him that appellant was armed. The officer frisked appellant for weapons and found the tire tool, wire cutters, a screwdriver, a glove, a knife, scissors, hedge clippers, and a small metal crack pipe. The officer said that he then arrested appellant for possession of narcotics paraphernalia. Appellant urges that the evidence he possessed the crack pipe was unfairly prejudicial. *See* Tex. R. Evid. 403.

When deciding whether to exclude evidence under rule 403, the trial court must consider how compellingly the challenged evidence serves to make more or less probable a fact of consequence, and then balance that against the potential of the evidence to impress the jury in some

5

irrational but nevertheless indelible way. *Montgomery v. State*, 810 S.W.2d 372, 389-90 (Tex. Crim. App. 1991) (op. on reh'g). In this case, the trial court overruled appellant's rule 403 objection after concluding that his possession of the crack pipe was relevant to explain the basis for his arrest and as same transaction contextual evidence, and that the probative value of the evidence outweighed any unfair prejudice. The question is a close one, but affording the trial court's decision the deference it is due, we find no abuse of discretion. Moreover, we conclude that if the court abused its discretion by admitting the evidence, the error was harmless. *See* Tex. R. App. P. 44.2(b). The testimony regarding the crack pipe was brief and matter-of-fact. The State did not seek to emphasize appellant's possession of the pipe, and made no further reference to it during the trial. The only mention of the pipe during closing arguments was by defense counsel. On this record, any error in admitting the evidence that appellant possessed a crack pipe when arrested did not prejudice his substantial rights. Point of error four is overruled.

Appellant next contends that his constitutional due process and confrontation rights were violated when the trial court refused to allow him to question one of the State's witnesses regarding his citizenship status. *See* U.S. Const. amend. V, VI, XIV. While cross-examining Luna, appellant's counsel asked, "Are you a U.S. citizen, sir?" When the State objected to the question as irrelevant, counsel responded that this was a proper subject for impeachment because entering the United States unlawfully is a crime of moral turpitude. He repeats this argument on appeal, adding that if Luna had been shown to be an illegal alien, this would be evidence of a bias or motive for him to testify in his employer's favor.

6

The Sixth Amendment includes the right to cross-examine witnesses to attack their general credibility or to show their possible bias, self-interest, or motives in testifying. *Davis v. Alaska*, 415 U.S. 308, 316 (1974). This right is not unqualified, however, and a trial judge has wide discretion in limiting the scope and extent of cross-examination. *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986). In general, the right to present evidence and to cross-examine witnesses under the Sixth Amendment does not conflict with the corresponding rights under state evidence rules, and most questions regarding the scope of cross-examination may be resolved by looking to the rules of evidence. *Hammer v. State*, No. PD-0786-08, 2009 Tex. Crim. App. LEXIS 513, at *10-11 (Tex. Crim. App. Apr. 8, 2009). Those rules provide that evidence of specific instances of conduct other than conviction of a crime may not be inquired into on cross-examination. Tex. R. Evid. 608(b). Appellant did not show and does not allege that Luna has been convicted for entering the United States unlawfully. Appellant's argument that Luna's immigration status gave him a motive to testify falsely was not raised below and, in any event, is not supported by the record. Counsel did not take Luna on voir dire or otherwise make a record as to whether Luna is or is not in this country lawfully.[2] *See* Tex. R. Evid. 613(b). No due process or confrontation violation is shown. Point of error three is overruled.

Finally, appellant contends that the trial court erred by refusing his request for an article 38.23 instruction. *See* Tex. Code Crim. Proc. Ann. art. 38.23(a) (West 2005). Under this statute, a defendant is entitled to a jury instruction regarding disputed issues of fact that are material

---

[2] Counsel asked Tijerina outside the jury's presence if he knew Luna's and Herrera's immigration status. Tijerina said he did not.

7

to his claim of a constitutional or statutory violation that would render evidence inadmissible. *Madden v. State*, 242 S.W.3d 504, 509-10 (Tex. Crim. App. 2007). In this case, appellant asked for an instruction regarding whether his detention by Tijerina, Herrera, and Luna was lawful under article 18.16. *See id*. art. 18.16 (preventing consequences of theft). Appellant does not, however, identify any disputed fact issues material to the application of article 18.16. It is clear from his arguments below and in this Court that appellant wanted the jury to decide the legal question whether, under the undisputed facts, he was lawfully detained.[3] The requested instruction was properly refused. Point of error six is overruled.

The judgment of conviction is affirmed.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed: November 10, 2009

Do Not Publish

_____

[3] In his brief, appellant states that "[t]he fact question for the jury [was]: Did Tijerina or the members of his posse, have the power/authority to hold Appellant against his will?" This is a question of law, not a question of fact.