NO. 07-12-0358-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 15, 2013

In the Matter of L.W., A Child

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A2730-1205; HONORABLE ROBERT W. KINKAID JR., PRESIDING

*Memorandum Opinion*

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

L.W., a juvenile, was found guilty of delinquent conduct, *i.e.,* burglary of a building, and sentenced to one year of probation. She contends the evidence is insufficient to show that she entered the building with the intent to commit theft. We affirm the judgment.

Although this is a civil proceeding, the standard used to review challenges to the sufficiency of the evidence to support a finding of delinquent conduct is the same as in a criminal case, and that standard is the one discussed in *Brooks v. State,* 323 S.W.3d 893 (Tex. Crim. App. 2010). *In re A.O.,* 342 S.W.3d 236, 239 (Tex. App.–Amarillo 2011, pet. denied). L.W. was charged with burglary of a building. Thus, the State had the burden to prove beyond a reasonable doubt that L.W. entered a building, not then open

to the public, without the effective consent of the owner and *with the intent to commit a theft.* TEX. PENAL CODE ANN. § 30.02(a)(1) (West 2011). It is the element of intent that is challenged by appellant.

A police officer testified that he was called to investigate at the Abernathy Clinic at approximately 9:30 p.m. and observed a broken window on the back of the Abernathy Ex-Students' Association building which sits behind the clinic. When he peered inside, he observed two females and one male inside the building. The two females were holding large cans. The officer announced himself and told them to stay where they were, but instead the three ran out of sight. The officer then ran around to the front of the building and observed the two females through the door. He ordered them to open the door which they did. He identified one of the females as appellant. Although no stolen property was found on the females, the officer did find two vice grip pliers, needle nose pliers with a wire cutter, a yellow-handled screwdriver, a pocket knife, and an angled pick on the outside of the building near the broken window.

The immediate past president of the Ex-Students' Association identified the large cans as time capsules from the class of 2000 which had been opened and the contents spilled on the floor. However, he could not identify any missing items. Appellant's mother was allowed to testify that appellant told her she went to the building only to look at the time capsules.

Intent may be inferred from any facts which tend to prove its existence, including words, acts, and conduct of the accused and the method of committing the crime, *Hart v. State,* 89 S.W.3d 61, 64 (Tex. Crim. App. 2002), and an inference of guilt may be drawn from flight. *Devoe v. State,* 354 S.W.3d 457, 470 (Tex. Crim. App. 2011).

2

Moreover, property need not be taken for the proof of intent to commit theft to be sufficient. *See Ortega v. State,* 626 S.W.2d 746, 749 (Tex. Crim. App. 1981). The tools found outside the broken window, the officer's observation of the two females holding the cans containing objects which were found later spilled onto the floor, and the initial refusal of the females to obey the officer would permit a reasonable person to conclude that appellant had the intent to commit theft. *See Gear v. State,* 340 S.W.3d 743, 747 (Tex. Crim. App. 2011) (finding the evidence sufficient to infer intent to commit theft when the defendant was interrupted as he was attempting to enter the complainant's home immediately after he broke the window at which time he ran). That another possible explanation for appellant's presence was offered does not render the evidence insufficient as it was for the factfinder to resolve the issue of appellant's intent. *See Isassi v. State,* 303 S.W.3d 633, 638 (Tex. Crim. App. 2010) (stating that appellate courts defer to the responsibility of the factfinder to fairly resolve conflicts in testimony, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts); *Lozano v. State,* 359 S.W.3d 790, 813 (Tex. App.–Fort Worth 2012, pet. ref'd) (stating that when the record supports conflicting inferences, the appellate court presumes the factfinder resolved conflicts in favor of the prosecution and defers to that determination).

Appellant relies upon *In re F.H.,* No. 03-07-00428-CV, 2008 Tex. App. LEXIS 3969 (Tex. App.–Austin May 30, 2008, no pet.) (not designated for publication) for the proposition that the evidence only supports the crime of criminal trespass. In that case, the juvenile was found in a vacant house which had been damaged by a large hole in the wall, holes in the ceiling, paint peeling off, six broken windows, gang-related graffiti, and evidence of a fire. None of that damage had been there a week earlier when the

3

owner visited the house. The juvenile also fled from the owner. However, there was conflicting evidence as to whether any items were missing from the house which had suffered previous break-ins. The court found the evidence insufficient that the juvenile committed burglary of a habitation based on an intent to commit theft or attempted theft, holding that the evidence of flight could have been flight from the crime of criminal trespass. *Id.* at *11-14. Given that the house was vacant, had previously been broken into, and could have been vandalized sometime in the week previous to the juvenile's entry, there was some lack of evidence associating the juvenile's entry with an intent to commit theft. In our case, the building entered was not vacant, there was evidence of a broken window from which entry occurred that night and tools for use in breaking into a building, and the time capsules not only opened but the contents spilled onto the floor. We find this evidence sufficient for the factfinder to infer the intent to commit theft.

Accordingly, the judgment is affirmed.


Per Curiam