**AFFIRM; Opinion Filed May 17, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01122-CR

### PATRICK MARQUIS MOSES, Appellant

### V.

### THE STATE OF TEXAS, Appellee

### On Appeal from the Criminal District Court No. 4
### Dallas County, Texas
### Trial Court Cause No. F11-62662-K

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices Myers and Evans
Opinion by Chief Justice Wright

A jury convicted Patrick Marquis Moses of burglary of a habitation. The trial court assessed punishment, enhanced by two prior felony convictions, at thirty years' imprisonment. In a single point of error, appellant contends the evidence is insufficient to support the finding that he entered the habitation with the intent to commit theft. We affirm the trial court's judgment.

EVIDENCE PRESENTED

Jennifer Hernandez, the complainant, testified she lived in the "center portion" of a duplex with her aunt and two young cousins. Another family lived in the other half of the duplex

and a man lived in the garage.[1]  The entrance to her house was a sliding glass door that required a person to lift it slightly when opening or it would scrape the bottom and make noise.  The other family entered their half of the duplex through a door on their side of the house.  Hernandez testified that at about 11:50 a.m. on December 5, 2011, she was in her bedroom getting ready to take a shower when she heard the glass door being opened.  She walked from her bedroom to the living room doorway, thinking her aunt may have returned from work early.  She saw appellant standing in the living room.  Appellant was wearing a white jacket, blue pants, and a hood over his head, and he was holding a pipe in his hand.  Hernandez testified appellant looked surprised when he saw her.  Appellant raised the pipe and said, "Hey, what's up?"  Hernandez testified she felt "scared" and threatened.  When appellant took a step forward, Hernandez ran to the kitchen and grabbed a large knife.  She turned back toward the living room and saw the curtains moving.  She went outside and saw appellant running down the street and turning the corner.  Hernandez went back into her house and called 911.  Hernandez testified she did not know appellant, and she never gave him consent to enter her house.  The 911 audiotape was played to the jury.

Dallas police officer Carlos Cardenas testified he heard the dispatcher's report of a robbery home invasion and the description of the suspect.  Cardenas, who was in plain clothes at the time, was three blocks away from Hernandez's house.  As he neared that location, he saw appellant walking about seventy-five yards from Hernandez's house.  Cardenas radioed appellant's location to other officers while he followed appellant to the Tyler/Vernon train station, which is located two blocks from Hernandez's house.  When appellant saw patrol cars approaching, he crawled under a bus.  Cardenas notified the officers about where appellant was hiding, and the officers apprehended appellant at gunpoint.  Cardenas testified the neighborhood

---

[1] The pictures admitted into evidence showed that Hernandez's half of the duplex was between the garage and the other half of the duplex..

around the station was the highest burglary area in Oak Cliff because criminals come into the area on a train or bus, burglarize homes, and get away on a train or bus.

Officer Hector Parrilla testified he responded to a robbery-in-progress call at 11:50 a.m. He went to Hernandez's house and spoke with her. Hernandez told Parrilla she was in her bedroom and heard a noise in the living room. When she went to the living room, she saw appellant standing there holding a "metal tube with a curved tube on the top." Appellant looked at Hernandez and said, "What's up?" while holding the tube. Hernandez said appellant was "menacing" and she got scared because she believed he was going to attack her. She went in the kitchen and grabbed a knife. Appellant "bolted" out of the house. Parrilla testified he believed the tube Hernandez described was a crowbar, which is one of the most preferred tools of burglars.

Officer Cesar Soto testified he was five blocks away from the burglary location when he heard the police dispatcher report a home invasion. He heard another officer radio that he was following the suspect, who had walked to the train station. Soto drove to the station. Another officer reported that the suspect had seen the patrol cars and had crawled under a bus. Soto testified he and two other officers surrounded the bus, and at gunpoint, ordered the suspect to come out. Appellant, who was wearing a white jacket and black pants, crawled from underneath the bus. Soto testified he looked for a pipe, but never found it. However, when he searched appellant, he found a flathead screwdriver in appellant's front pocket.

APPLICABLE LAW

In reviewing a challenge to the sufficiency of the evidence, we examine all the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443

U.S. 307, 319 (1979); *Lucio v. State*, 351 S.W.3d 878, 894–95 (Tex. Crim. App. 2011); *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (plurality op.). We must defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *See Jackson*, 443 U.S. at 326.

The State was required to prove beyond a reasonable doubt that appellant, without the effective consent of the owner, entered a habitation with intent to commit theft. *See* TEX. PENAL CODE ANN. § 30.02(a) (West 2011). Intent is a fact issue for the jury. *Robles v. State*, 664 S.W.2d 91, 94 (Tex. Crim. App. 1984). Proof of a culpable mental state generally relies upon circumstantial evidence. *Dillon v. State*, 574 S.W.2d 92, 94 (Tex. Crim. App. 1978). Intent can be inferred from the acts, words, and conduct of the accused, and is to be resolved by the trier of fact from all of the facts and the surrounding circumstances. *Dues v. State*, 634 S.W.2d 304, 305 (Tex. Crim. App. 1982).

DISCUSSION

Appellant does not dispute that he entered Hernandez's home without consent. Rather, he contends the evidence is insufficient to support the finding that he entered the home with the intent to commit theft. Appellant asserts that because the offense did not occur at night, there is no presumption he attempted to commit theft, and mere entry into a habitation is not sufficient evidence to show intent to commit a felony or theft. Appellant also argues that because none of Hernandez's property was disturbed and he did not have a vehicle or bag to carry anything away, the evidence was insufficient to show intent to commit theft. The State responds that the evidence is sufficient to support the conviction.

Property need not be taken for proof of intent to commit theft to be sufficient. *Ortega v. State,* 626 S.W.2d 746, 749 (Tex. Crim. App. [Panel Op.] 1981). The jury heard Hernandez's

testimony that appellant, whom she did not know, entered her house without consent, made a menacing gesture while holding a pipe, and fled when she ran to the kitchen and grabbed a knife. Appellant fled the scene and was later apprehended at the train station. It was the jury's role, as the fact-finder in this case, to resolve any conflicts in the evidence and to accept or reject any and all of the evidence presented by either side. *See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). The jury could reasonably conclude that appellant entered Hernandez's home with the intent to commit theft. Having reviewed all of the evidence under the appropriate standard, we conclude it is sufficient to support the jury's verdict. We overrule appellant's sole point of error.

We affirm the trial court's judgment.


/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE


Do Not Publish
TEX. R. APP. P. 47
121122F.U05

-5-



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

PATRICK MARQUIS MOSES,
Appellant

No. 05-12-01122-CR        V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court
No. 4 of Dallas County, Texas (Tr.Ct.No.
F11-62662-K).
Opinion delivered by Chief Justice Wright,
Justices Myers and Evans participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered May 17, 2013.

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE