

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-13-00382-CR

---

WILLIAM BRYAN KEITH STALLINGS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the Criminal District Court Two
Tarrant County, Texas
Trial Court No. 1313319D, Honorable Wayne F. Salvant, Presiding

---

March 17, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant William Bryan Keith Stallings appeals his conviction for burglary of a habitation by challenging the legal sufficiency of the evidence underlying it. He argues that the evidence was insufficient to prove he entered a habitation, had the intent to commit theft, or committed a theft or attempted to commit a theft. We overrule the issue and affirm the judgment.

Javier Gonzales testified that on January 31, 2013, he awoke around 7:00 in the morning, opened the door to his bedroom, and saw appellant, a man he did not know,

dressed in black walking in his house and towards the back door. The man was wearing blue latex gloves.

Upon being seen by Gonzales, appellant ran out the back door but was stopped by Gonzales in the yard by the fence. Gonzales' cousins came out to lend assistance, and his sister called the police. Other evidence indicated that appellant carried a backpack in which was found more blue gloves, a large flashlight, a wrench, and outdoor black and yellow gloves. On the ground near appellant lay another flashlight, a blue razor-blade style knife, and a pair of blue latex gloves. Appellant also had a bat in his coat or overalls.

Later, it was discovered that two cars in the driveway had their doors open and had been ransacked. In one, the stereo had been disturbed and left in a manner indicative of someone having tried to remove it. A power saw had also been moved in a shed and placed by the door.

Appellant testified that he 1) was homeless and a methamphetamine addict, 2) had bought drugs at the house several days earlier, 3) had returned to the house on January 31 to purchase more drugs, 4) knocked on the door and asked for "Pancho," 5) was told that Pancho was not there, and 6) was attacked and had his money stolen when he tried to leave. Appellant also attempted to explain why he possessed the aforementioned items appearing in his backpack and denied being in the home that day or having any intent to break into the house.

The applicable standard of review is discussed in *Brooks v. State*, 323 S.W.3d 893, 902 (Tex. Crim. App. 2010). In applying it, we must determine whether the State proved that appellant, without the effective consent of the owner, entered a habitation

2

with the intent to commit theft or committed or attempted to commit a theft.  TEX. PENAL CODE ANN. § 30.02(a)(1)&(3) (West 2011).  Next, intent to commit theft may be inferred from circumstantial evidence.  *Moreno v. State*, 702 S.W.2d 636, 741 (Tex. Crim. App. 1986), *overruled in part on other grounds by Hall v. State*, 225 S.W.3d 524 (Tex. Crim. App. 2007).  Furthermore, property need not be taken to support conviction.  *See Ortega v. State*, 626 S.W.2d 746, 749 (Tex. Crim. App. 1981); *see also Ex parte Cavazos*, 203 S.W.3d 333, 337 (Tex. Crim. App. 2006) (stating that the offense is complete once unlawful entry is made, without regard to whether the intended theft is also completed).  Finally, evidence of intent may be sufficient when the defendant is found in the home and immediately flees even though nothing in the home is disturbed. *Stearn v. State*, 571 S.W.2d 177, 177-78 (Tex. Crim. App. 1978).

Here, there was testimony that appellant was discovered without permission in the home of Javier Gonzales and his parents and that he ran when he was seen by Gonzales.  That, coupled with the evidence of 1) the items discovered on appellant and in his backpack and 2) the cars and shed having been disturbed is some circumstantial evidence from which a rational jury could infer beyond a reasonable doubt that appellant entered the habitation with intent to commit theft or in an attempt to commit theft.[1]

That appellant offered another possible explanation for his presence on the property and denied having entered the house or having any intent to commit theft does not render the evidence insufficient.  Conflicts in the evidence are for the resolution of the jurors, *Wyatt v. State,* 23 S.W.3d 18, 30 (Tex. Crim. App. 2000), and we defer to

---

[1] A person commits an offense if, with specific intent to commit an offense, he does an act that amounts to more than mere preparation that tends but fails to effect the commission of the offense intended.  TEX. PENAL CODE ANN. § 15.01(a) (West 2011).

their decision if it is rational. *See Brooks v. State*, 323 S.W.3d at 902. It is rational here.

Accordingly, the judgment is affirmed.


Per Curiam


Do not publish.