David Jackson **CRAWLEY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 48465.

Court of Criminal Appeals of Texas.

July 24, 1974.

Rehearing Denied Sept. 18, 1974.

Frank J. Baughman, Amarillo, for appellant.

George E. Dowlen, Dist. Atty., Canyon, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

CORNELIUS, Commissioner.

Appellant was convicted of the offense of willful injury, to the extent of over $50.00, to personal property belonging to another. Punishment, which was assessed by the court at appellant's election, was set at ten years' confinement.

The indictment charged that appellant willfully injured a 1969 Dodge automobile belonging to Billy Neal Sewell. To sustain the charge the State first proved that on or about the date specified in the indictment the appellant, in his automobile, collided with the automobile being driven by Billy Neal Sewell while the parties were travelling on 45th Street in the City of Amarillo. That street is apparently a controlled access highway similar to a freeway, with cross-streets intersecting it via overpasses. The collision occurred on 45th Street just after it goes under the McCarty Street overpass, at a point where an exit lane turns off 45th Street leading to an intersection with Georgia Avenue. The appellant had just entered 45th Street, to the rear of Mr. Sewell, from an entrance lane which merged into the traffic lanes on 45th Street. As Sewell moved to his right into the exit lane leading to Georgia Avenue the collision with appellant's automobile occurred. After proving the collision involving Sewell, the State then proceeded to prove that the appellant had also been involved in six other collisions at the identical point on 45th Street where the collision with Sewell occurred. These collisions occurred on June 11, September 15, September 30, October 4, October 18, and October 19, of 1972, and were all virtually identical with the collision involving Sewell. It was the State's theory that in the collision with Sewell, as in the other cases, the appellant deliberately entered the freeway at such a time, and maneuvered his automobile in such a position, that a collision was inevitable, and that he was thus guilty of the willful injury of Sewell's automobile.

The appellant introduced evidence that he did not violate any traffic regulation in connection with the wrecks proven by the State, and that, in fact, the other parties had been ticketed for unlawfully changing lanes immediately prior to each collision.

At the punishment stage of the trial, the State produced evidence that the appellant had been involved in some forty other similar, if not identical, wrecks, and that his reputation for being a peaceful and law-abiding citizen was bad. It was also proven that as to many of the wrecks the appellant collected repair estimates from insurance companies amounting to as much as $500.00 or $600.00 each. Estimates totalling $6,363.43 were introduced into evidence.

In his ground of error No. 1 the appellant contends that the trial court should not have allowed the evidence to be admitted showing the involvement of appellant in the six other collisions which occurred at the same location and under identical conditions as those of the collision with Sewell.

 It is well settled that when intent is an issue, evidence of extraneous offenses or acts on the part of the accused are admissible to show such intent, or a particular scheme or design used by him. Albrecht v. State, Tex.Cr.App., 486 S.W.2d 97; Granato v. State, Tex.Cr.App., 493 S.W.2d 822; Cage v. State, 320 S.W.2d 364. As pointed out in Albrecht v. State, supra, evidence of extraneous offenses or acts is particularly relevant and permissible when intent is an essential element of the State's case, and such intent cannot be inferred from the act itself. Granato v. State, supra; Hampton v. State, Tex.Cr.App., 402 S.W.2d 748; Williams v. State, Tex.Cr. App., 398 S.W.2d 931. In the case at bar, intent—*the willful injury*—is an essential element of the offense. Article 1350, Vernon's Annotated Texas Penal Code. The collision which forms the basis of the indictment in the case at bar is not, of itself, such an act or occurrence from which

guilty intent can be inferred. It is only when proof is made of a consistent series of collisions involving the appellant, all occurring in the same way, at the same location, and within a relatively short period of time, that reasonable persons are justified in finding that the appellant deliberately manipulated circumstances· so as to accomplish the willful damage to Sewell's automobile. This case is thus a class example of the relevancy of extraneous acts to prove intent. The court properly charged the jury that their consideration of the extraneous acts must be limited to their efficacy to prove intent. There consequently was no error in allowing the evidence of these occurrences.

The appellant also asserts in Ground No. 1 that the extraneous acts were not admissible because they did not constitute criminal offenses under the penal laws of our State. There is no merit to this contention. That the acts relied upon to prove intent, or scheme or design, did not themselves constitute criminal offenses or result in prosecution, does not render them inadmissible. Williams v. State, 161 Tex.Cr. R. 500, 279 S.W.2d 348; Bedford v. State, 75 Tex.Cr.R. 309, 170 S.W. 727; McArthur v. State, 132 Tex.Cr.R. 447, 105 S. W.2d 227. In fact, acts not amounting to crimes would appear to be less prejudicial to the accused than those constituting criminal offenses. Ground of error No. 1 is overruled.

■■ Ground of error No. 2 urges that the State failed to prove the extent of the injury consistent with the allegations · of the indictment. Art. 1350, V.A.P.C. provides that it shall be unlawful to willfully injure or destroy, or attempt to injure or destroy, the personal property of another. It further provides that when the value of the property destroyed or the extent of the injury " . , . . is of the value of Fifty ($50.00) Dollars, or more . . . " the punishment shall be two to twenty years' confinement. In the present case the indictment charged that appellant willfully injured the property of Sewell,

" . . . said *injury being of the value of over $50.00*." Such language sufficiently alleged the "extent of the injury" under Article 1350. Lacy v. State, Tex.Cr.App., 412 S.W.2d 911; see also Hernandez v. State, Tex.Cr.App., 468 S.W.2d 387. As to *proof* of the extent of injury, Mr. Bailey, . who was shop foreman at Hudiburg-Jones Chevrolet Company, testified that he examined and evaluated the damage which had been done to Sewell's automobile as a result of the collision, and that it was damaged to an extent of over $50.00, specifically to the extent of $93.70. The State further proved that repairs were required on Sewell's automobile as a result of the collision with appellant, and that these repairs were made at Sewell's direction and cost by Hudiburg-Jones Chevrolet Company in Amarillo, and that such repairs actually cost $93.70. The reasonable cost of repairing the damage inflicted to the property is a permissible method of proving the extent of the injury. Wise v. State, Tex. Civ.App., 494 S.W.2d 921. While sufficient proof of the repairs was not made in Wise v. State, supra, we conclude that sufficient proof was made of such in this case. See Hernandez v. State, supra. Ground of error No. 2 is overruled.

■ Ground of error No. 3 contends that the trial court should have instructed a verdict of not guilty because the State did not prove that the appellant committed any violation of "the penal laws of the State of Texas." By this the appellant apparently means that, since it was not shown that he violated any of the *traffic laws* in connection with the collision with Sewell but in fact Sewell was guilty of such a traffic violation, the State failed to prove that appellant was guilty of an offense. We do not agree. Appellant was not charged with a traffic violation but with the willful injury of personal property under Article 1350, V.A.P.C. That Article is not based upon, and its applicability does not necessarily depend upon the violation of any other penal statute, whether traffic or otherwise. Article 1350 stands upon its

**66**

own bottom. It condemns the willful injury or destruction of personal property *by whatever means accomplished*. It is not necessary to first prove the violation of some other penal statute in order to prove a violation of Article 1350, if the alleged acts come within the prohibition of that Article.

■ It is within the power of the State to define as criminal conduct whatever acts it sees fit, so long as such acts bear some reasonable relation to the needs of society and the safety and general welfare of the public. 22 C.J.S. Criminal Law § 13, p. 50, and cases there cited. This power of the State extends not only to overt acts which are naturally immoral or wrong in themselves, but also to lawful acts negligently or maliciously done, as well as to mere inaction in certain circumstances. State v. Benton, 8 W.W.Harr. 1, 38 Del. 1, 187 A. 609; 22 C.J.S. Criminal Law § 37, Note 35. Furthermore, it is no defense to a criminal charge that the victim was guilty of wrongdoing in the particular transaction out of which the offense arose, since crime is punished because of the offense against society, not because of an offense against the victim. 22 C.J.S. Criminal Law § 52, p. 189, and cases there cited; 21 Am.Jur.2d p. 209, and cases there cited. Ground of error No. 3 is overruled.

■ In ground of error No. 4 the appellant urges that the indictment alleged both willful injury and attempted willful injury, and that no election was required of the State at the trial, but the record reflects that the court did require such an election and that the State elected to proceed on the charge of willful injury. In accordance therewith, the jury was charged and the case was submitted only upon the willful injury charge. In the same ground the appellant also asserts that Art. 1350, V.A.P.C., is unconstitutional. The constitutionality of the statute has been upheld by this Court in Hernandez v. State, 468 S.W.2d 389. Ground of error No. 4 is therefore overruled.

Grounds of error 5, 6, and 7 generally assert that no offense against the penal laws of the State was proved, and that the charge to the jury should have instructed them that if they found that the appellant had violated no provision of the penal code they should then acquit the appellant. These contentions have been adequately dealt with in our discussion of ground of error No. 3. A violation of Article 1350 stands alone as a violation of the Penal Code of the State of Texas. The court's charge in this case instructed the jury to acquit the appellant unless they found a violation of that Article, and it was therefore sufficient. Grounds of error 5, 6, and 7 are therefore overruled.

We find no reversible error. The judgment of the trial court is affirmed.

Opinion approved by the Court.