NUMBER 13-10-00664-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI -
EDINBURG 


                                                                                                                     


 

MARIO ALBERTO JASSO,                                                          
        Appellant,

 

v.

 

THE STATE OF TEXAS,                         
                            Appellee.

                                                                                                                     
  

 

On appeal from the 156th
District Court 

of Live Oak County,
Texas.

  
                                                                                                                   

 

MEMORANDUM OPINION

 

Before Chief Justice
Valdez and Justices Rodriguez and Benavides  

Memorandum Opinion by
Justice Rodriguez

                                                                                                                                    

                Appellant Mario Alberto Jasso challenges
the sentence imposed by the trial court after he violated the terms of his
community supervision.  By one issue, Jasso argues that his sentence of ten
years' incarceration violated his "U.S. constitutional due process right
to receive a sentence which is not more than necessary to accomplish all of the
objectives in the Texas Penal Code."  See Tex. Penal Code Ann. § 1.02 (West 2003).  We affirm.

I. 
Background

 

            In May 2002, Jasso pleaded guilty to
third-degree felony possession of marihuana.  See Tex. Health & Safety Code Ann. §
484.121(b)(4) (West 2010).  He was convicted, sentenced to ten years'
incarceration, and assessed a $5000 fine.  The sentence was suspended, and
Jasso was placed on community supervision for a term of ten years.  Because he
was in the United States illegally, Jasso was deported.  

            In May 2010, the State filed a motion to
revoke Jasso's community supervision on the ground that he violated the terms
of his community supervision by illegally reentering the United States.[1] 
Jasso pleaded true to the State's revocation ground.  After a hearing, the
trial court revoked Jasso's community supervision and reinstituted the original
sentence of ten years' incarceration in the Institutional Division of the Texas
Department of Criminal Justice.  This appeal followed.

II. 
Discussion

 

            By his sole issue on appeal, Jasso argues
that the ten-year sentence imposed by the trial court violated his "U.S.
constitutional due process right to receive a sentence which is not more than
necessary to accomplish all of the objectives in the Texas Penal Code."[2] 
See Tex. Penal Code Ann. §
1.02.  He argues that reinstatement of his community supervision or a sentence
of incarceration on the "low end of the statutory range . . . would have
been much more appropriate in this case."  He also asserts that the
sentence violated the U.S. Constitution's prohibition against cruel and unusual
punishment because he "faced inevitable deportation [which] serves as an
aggravating sentence multiplier."  See U.S. Const. amend. VIII.

A. 
Applicable Law

            The Texas Penal Code sets out the following
objectives of sentencing:

The general purposes
of this code are to establish a system of prohibitions, penalties, and correctional
measures to deal with conduct that unjustifiably and inexcusably causes or
threatens harm to those individual or public interests for which state
protection is appropriate. To this end, the provisions of this code are
intended, and shall be construed, to achieve the following objectives:

 

(1)       to
insure the public safety through:

 

(A)       the
deterrent influence of the penalties hereinafter provided;

 

(B)
     the rehabilitation of those convicted of violations of this code; and

 

(C)
     such punishment as may be necessary to prevent likely recurrence of
criminal behavior;

 

(2)
      by definition and grading of offenses to give fair warning of what is
prohibited and of the consequences of violation;

 

(3)
      to prescribe penalties that are proportionate to the seriousness of
offenses and that permit recognition of differences in rehabilitation
possibilities among individual offenders;

 

(4)
      to safeguard conduct that is without guilt from condemnation as criminal;

 

(5)
      to guide and limit the exercise of official discretion in law enforcement
to prevent arbitrary or oppressive treatment of persons suspected, accused, or
convicted of offenses; and

 

(6)
      to define the scope of state interest in law enforcement against specific
offenses and to systematize the exercise of state criminal jurisdiction.

 

Tex. Penal Code Ann. §
1.02.

"Save as limited by constitutional
provisions safeguarding individual rights, a State may choose means to protect
itself and its people against criminal violation of its laws.  The comparative
gravity of criminal offenses and whether their consequences are more or less
injurious are matters for its determination."  Pennsylvania v. Ashe,
302 U.S. 51, 55–56 (1937); see Crawley v. State, 513 S.W.2d 62, 66 (Tex.
Crim. App. 1974) ("It is within the power of the State to define as
criminal conduct whatever acts it sees fit, so long as such acts bear some
reasonable relation to the needs of society and the safety and general welfare
of the public.").  The Eighth Amendment provides that "[e]xcessive
bail shall not be required, nor excessive fines imposed, nor cruel and unusual
punishment inflicted" and is applicable to punishments imposed by state
courts through the Fourteenth Amendment's Due Process Clause.  U.S. Const. amends. VIII, XIV; Robinson
v. California, 370 U.S. 660, 667 (1962).  The Eighth Amendment does not
require strict proportionality between the crime and the sentence; rather, it
forbids extreme sentences that are “grossly disproportionate” to the crime.  Ewing
v. California, 538 U.S. 11, 21 (2003).  In general, Texas courts have
generally held that as long as the punishment assessed falls within the
statutory range, the punishment is not excessive.  See Jordan v. State,
495 S.W.2d 949, 952 (Tex. Crim. App. 1973); Trevino v. State, 174 S.W.3d
925, 928 (Tex. App.—Corpus Christi 2005, pet. ref'd).

B. 
Analysis

Jasso's sentence falls within the
punishment range for third-degree felonies.  See Tex. Penal Code Ann. § 12.34(a) (West Supp. 2010) (providing
that the applicable range of punishment for a third-degree felony is
imprisonment for "any term of not more than 10 years or less than 2
years").  Jasso cites no authority, and we have found none, standing for
the proposition that a sentence within the punishment range prescribed by
statute somehow runs afoul of the penal code's sentencing objections.  Without
more, we are not persuaded by this aspect of Jasso's argument on appeal.[3]

Turning to Jasso's Eighth Amendment
challenge, we note that, even when a sentence falls within the statute's
punishment range, we would normally inquire into whether the sentence was
grossly disproportionate.  See Winchester v. State, 246 S.W.3d 386, 388
(Tex. App.—Amarillo 2008, pet. ref'd) (recognizing that a prohibition against a
grossly disproportionate sentence survives under the federal constitution apart
from any consideration whether the punishment assessed is within the statute's
punishment range).  But here, Jasso did not object to his sentence either at
the time of sentencing or in any post-trial motion.  To preserve error for
appellate review, a party must present a timely objection to the trial court,
state the specific grounds for the objection, and obtain a ruling.  Tex. R. App. P. 33.1(a).  Specifically,
"to preserve for appellate review a complaint that a sentence is grossly
disproportionate, constituting cruel and unusual punishment, a defendant must
present to the trial court a timely request, objection, or motion stating the
specific grounds for the ruling desired."  Noland v. State, 264
S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd); see
Trevino, 174 S.W.3d at 927–28 (“Because the sentence imposed is within the
punishment range and is not illegal, we conclude that the rights [appellant]
asserts for the first time on appeal are not so fundamental as to have relieved
him of the necessity of a timely, specific trial objection.”).  Therefore, by
failing to specifically object in the trial court or in a post-trial motion,
Jasso failed to preserve any error for our review.  Moreover, even had Jasso
preserved error, a punishment that falls within the limits prescribed by a
valid statute, as in this case, is not excessive, cruel, or unusual.  See
Trevino, 174 S.W.3d at 928.

Jasso's sole issue is overruled.

III. 
Conclusion

 

            We affirm the trial court's judgment.

 

                                                                                                             NELDA
V. RODRIGUEZ

                                                                                                             Justice

 

Do not publish.

Tex.
R. App. P.
47.2(b).

 

Delivered and filed
the 

23rd day of June,
2011.

                                                                                                                                                            









[1]
The record indicates that, in December 2009, Jasso's immigration status was
checked while he was in the Hidalgo County jail, and it was discovered that he
had been previously deported and had illegally reentered the United States.  In
his federal case, Jasso was sentenced to ten months' incarceration for illegal
reentry.  





[2]
Jasso does not cite the due process provisions of the United States
Constitution or any due process case law or make any substantive arguments
based on due process.  See Tex.
R. App. P. 38.1(i).





[3]
We drew a similar conclusion in Cantu v. State when determining an
identical issue.  See No. 13-09-00031-CR, 2010 WL 1618648, at *1 (Tex.
App.—Corpus Christi Apr. 22, 2010, no pet.) (mem. op., not designated for
publication) ("Cantu provides no authority, and we find none, that
supports her apparent arguments that (1) Texas's sentencing objectives are
linked to the vague federal due process violation she claims, or (2) a sentence
within the statutory range of punishment can violate or even implicate the
sentencing objectives promulgated by the Legislature.").