

## NUMBER 13-10-00664-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

**MARIO ALBERTO JASSO,**          **Appellant,**

**v.**

**THE STATE OF TEXAS,**          **Appellee.**

---

### On appeal from the 156th District Court
### of Live Oak County, Texas.

---

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Benavides**
**Memorandum Opinion by Justice Rodriguez**

Appellant Mario Alberto Jasso challenges the sentence imposed by the trial court after he violated the terms of his community supervision. By one issue, Jasso argues that his sentence of ten years' incarceration violated his "U.S. constitutional due process right to receive a sentence which is not more than necessary to accomplish all of the

objectives in the Texas Penal Code." *See* TEX. PENAL CODE ANN. § 1.02 (West 2003). We affirm.

## I. BACKGROUND

In May 2002, Jasso pleaded guilty to third-degree felony possession of marihuana. *See* TEX. HEALTH & SAFETY CODE ANN. § 484.121(b)(4) (West 2010). He was convicted, sentenced to ten years' incarceration, and assessed a $5000 fine. The sentence was suspended, and Jasso was placed on community supervision for a term of ten years. Because he was in the United States illegally, Jasso was deported.

In May 2010, the State filed a motion to revoke Jasso's community supervision on the ground that he violated the terms of his community supervision by illegally reentering the United States.[1] Jasso pleaded true to the State's revocation ground. After a hearing, the trial court revoked Jasso's community supervision and reinstituted the original sentence of ten years' incarceration in the Institutional Division of the Texas Department of Criminal Justice. This appeal followed.

## II. DISCUSSION

By his sole issue on appeal, Jasso argues that the ten-year sentence imposed by the trial court violated his "U.S. constitutional due process right to receive a sentence which is not more than necessary to accomplish all of the objectives in the Texas Penal Code."[2] *See* TEX. PENAL CODE ANN. § 1.02. He argues that reinstatement of his

---

[1] The record indicates that, in December 2009, Jasso's immigration status was checked while he was in the Hidalgo County jail, and it was discovered that he had been previously deported and had illegally reentered the United States. In his federal case, Jasso was sentenced to ten months' incarceration for illegal reentry.

[2] Jasso does not cite the due process provisions of the United States Constitution or any due process case law or make any substantive arguments based on due process. *See* TEX. R. APP. P. 38.1(i).

community supervision or a sentence of incarceration on the "low end of the statutory range . . . would have been much more appropriate in this case." He also asserts that the sentence violated the U.S. Constitution's prohibition against cruel and unusual punishment because he "faced inevitable deportation [which] serves as an aggravating sentence multiplier." *See* U.S. CONST. amend. VIII.

## A.  Applicable Law

The Texas Penal Code sets out the following objectives of sentencing:

The general purposes of this code are to establish a system of prohibitions, penalties, and correctional measures to deal with conduct that unjustifiably and inexcusably causes or threatens harm to those individual or public interests for which state protection is appropriate. To this end, the provisions of this code are intended, and shall be construed, to achieve the following objectives:

    (1)    to insure the public safety through:

        (A)    the deterrent influence of the penalties hereinafter provided;

        (B)    the rehabilitation of those convicted of violations of this code; and

        (C)    such punishment as may be necessary to prevent likely recurrence of criminal behavior;

    (2)    by definition and grading of offenses to give fair warning of what is prohibited and of the consequences of violation;

    (3)    to prescribe penalties that are proportionate to the seriousness of offenses and that permit recognition of differences in rehabilitation possibilities among individual offenders;

    (4)    to safeguard conduct that is without guilt from condemnation as criminal;

    (5)    to guide and limit the exercise of official discretion in law

> enforcement to prevent arbitrary or oppressive treatment of persons suspected, accused, or convicted of offenses; and
>
> (6) to define the scope of state interest in law enforcement against specific offenses and to systematize the exercise of state criminal jurisdiction.

Tex. Penal Code Ann. § 1.02.

"Save as limited by constitutional provisions safeguarding individual rights, a State may choose means to protect itself and its people against criminal violation of its laws. The comparative gravity of criminal offenses and whether their consequences are more or less injurious are matters for its determination." *Pennsylvania v. Ashe*, 302 U.S. 51, 55–56 (1937); *see Crawley v. State*, 513 S.W.2d 62, 66 (Tex. Crim. App. 1974) ("It is within the power of the State to define as criminal conduct whatever acts it sees fit, so long as such acts bear some reasonable relation to the needs of society and the safety and general welfare of the public."). The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted" and is applicable to punishments imposed by state courts through the Fourteenth Amendment's Due Process Clause. U.S. Const. amends. VIII, XIV; *Robinson v. California*, 370 U.S. 660, 667 (1962). The Eighth Amendment does not require strict proportionality between the crime and the sentence; rather, it forbids extreme sentences that are "grossly disproportionate" to the crime. *Ewing v. California*, 538 U.S. 11, 21 (2003). In general, Texas courts have generally held that as long as the punishment assessed falls within the statutory range, the punishment is not excessive. *See Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Trevino v. State*, 174 S.W.3d 925, 928 (Tex. App.—Corpus Christi 2005, pet. ref'd).

## B. Analysis

Jasso's sentence falls within the punishment range for third-degree felonies. *See* TEX. PENAL CODE ANN. § 12.34(a) (West Supp. 2010) (providing that the applicable range of punishment for a third-degree felony is imprisonment for "any term of not more than 10 years or less than 2 years"). Jasso cites no authority, and we have found none, standing for the proposition that a sentence within the punishment range prescribed by statute somehow runs afoul of the penal code's sentencing objections. Without more, we are not persuaded by this aspect of Jasso's argument on appeal.[3]

Turning to Jasso's Eighth Amendment challenge, we note that, even when a sentence falls within the statute's punishment range, we would normally inquire into whether the sentence was grossly disproportionate. *See Winchester v. State*, 246 S.W.3d 386, 388 (Tex. App.—Amarillo 2008, pet. ref'd) (recognizing that a prohibition against a grossly disproportionate sentence survives under the federal constitution apart from any consideration whether the punishment assessed is within the statute's punishment range). But here, Jasso did not object to his sentence either at the time of sentencing or in any post-trial motion. To preserve error for appellate review, a party must present a timely objection to the trial court, state the specific grounds for the objection, and obtain a ruling. TEX. R. APP. P. 33.1(a). Specifically, "to preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting

---

[3] We drew a similar conclusion in *Cantu v. State* when determining an identical issue. *See* No. 13-09-00031-CR, 2010 WL 1618648, at *1 (Tex. App.—Corpus Christi Apr. 22, 2010, no pet.) (mem. op., not designated for publication) ("Cantu provides no authority, and we find none, that supports her apparent arguments that (1) Texas's sentencing objectives are linked to the vague federal due process violation she claims, or (2) a sentence within the statutory range of punishment can violate or even implicate the sentencing objectives promulgated by the Legislature.").

cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired." *Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd); *see Trevino*, 174 S.W.3d at 927–28 ("Because the sentence imposed is within the punishment range and is not illegal, we conclude that the rights [appellant] asserts for the first time on appeal are not so fundamental as to have relieved him of the necessity of a timely, specific trial objection."). Therefore, by failing to specifically object in the trial court or in a post-trial motion, Jasso failed to preserve any error for our review. Moreover, even had Jasso preserved error, a punishment that falls within the limits prescribed by a valid statute, as in this case, is not excessive, cruel, or unusual. *See Trevino*, 174 S.W.3d at 928.

Jasso's sole issue is overruled.

### III. CONCLUSION

We affirm the trial court's judgment.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
23rd day of June, 2011.

6