

**NUMBER 13-10-00695-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**JESUS E. MALDONADO,**                                            **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                          **Appellee.**

---

### On appeal from the 2nd 25th District Court
### of Gonzales County, Texas.

---

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Memorandum Opinion by Justice Garza

By a single issue, appellant Jesus E. Maldonado contends that his sentence "violates his U[.]S[.] constitutional right to receive a sentence which is not more than necessary to accomplish all of the objectives in the Texas Penal Code."[1] We affirm the

---

[1] We mention at the outset that appellant's argument mirrors those made in *Clifford v. State*, No. 13-10-00256-CR, 2010 Tex. App. LEXIS 9750, at *9–15 (Tex. App.—Corpus Christi Dec. 9, 2010, pet.

judgment as modified.

## I. BACKGROUND

On February 9, 2007, pursuant to a plea agreement, appellant pleaded guilty: (1) in count one, to possession of four grams or more but less than two hundred grams of cocaine, a second-degree felony, *see* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (d) (West 2010); and (2) in count two, to possession of less than one gram of cocaine, a state jail felony. *See id.* § 481.115(b). Pursuant to the agreement, the trial court: (1) placed appellant on deferred adjudication community supervision and imposed a $1,000.00 fine for the count one offense, *see* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(a) (West Supp. 2010); and (2) sentenced appellant to two years' confinement in state jail, suspended the sentence, and placed appellant on community supervision for five years for the offense in count two. *See id.* art. 42.12, § 3.

On December 10, 2010, the State filed a first amended motion to adjudicate guilt and motion to revoke probation, alleging that appellant violated multiple conditions of his community supervision. Appellant pleaded "not true" to the State's allegations.[2] After hearing evidence, the trial court found several of the State's allegations "true," including that appellant had committed two offenses of criminal trespass. In count one, the trial

ref'd) (mem. op., not designated for publication), and *Garcia v. State*, No. 13-10-00281-CR, 2010 Tex. App. LEXIS 8432, at *8–12 (Tex. App.—Corpus Christi Oct. 21, 2010, pet. ref'd) (mem. op., not designated for publication). Likewise, our analysis follows this Court's precedent set out in those cases. *See Clifford*, 2010 Tex. App. LEXIS 9750, at *9–15; *Garcia*, 2010 Tex. App. LEXIS 8432, at *8–12. As in *Garcia* and *Clifford*, appellant states throughout his brief that his arguments are "foreclosed under current law but [are] raise[d] . . . in an adversarial fashion for purposes of preserving error for possible further review." *See Garcia*, 2010 Tex. App. LEXIS 8432, at *2 n.1; *Clifford*, 2010 Tex. App. LEXIS 9750, at *1–2 n.1. We note that such "further review" seems unlikely, given that the court of criminal appeals refused to grant petitions for discretionary review in *Garcia* and *Clifford*. *See* TEX. R. APP. P. 69.1 ("If four judges do not vote to grant a petition for discretionary review, the Court will enter a docket notation that the petition is *refused*.").

[2] Appellant's counsel entered the plea. After numerous warnings from the trial court, appellant was removed from the courtroom "due to continuing disruptive behavior and loud outbursts including cursing [and] . . . wrestling with or resisting the officers as they attempted to restrain him . . . ."

court found appellant guilty and sentenced him to twenty years' imprisonment. As to count two, the trial court sentenced appellant to two years' imprisonment in the Texas Department of Criminal Justice–State Jail Division. The sentences were ordered to run concurrently.

## II. CONSTITUTIONALITY OF SENTENCE

By a single issue, appellant contends that the sentence imposed "violates his U[.]S[.] constitutional right to receive a sentence which is not more than necessary to accomplish all of the objectives in the Texas Penal Code." He argues that "a sentence at the low end of the statutory range would have been much more appropriate in this case, and would have accomplished all of the sentencing objectives of the Texas Penal Code." *See* TEX. PENAL CODE ANN. § 1.02 (West 2003). He also generally asserts "that his substantive and procedural due process rights were violated when the court imposed a sentence at the top end of the statutory range, in light of the facts . . . established on the record." *See* U.S. CONST. amends. VIII, XIV.

### A. Applicable Law

The Texas Penal Code sets out the following objectives of sentencing:

The general purposes of this code are to establish a system of prohibitions, penalties, and correctional measures to deal with conduct that unjustifiably and inexcusably causes or threatens harm to those individual or public interests for which state protection is appropriate. To this end, the provisions of this code are intended, and shall be construed, to achieve the following objectives:

(1) to insure the public safety through:

(A) the deterrent influence of the penalties hereinafter provided;

(B) the rehabilitation of those convicted of violations of this code; and

3

(C) such punishment as may be necessary to prevent likely recurrence of criminal behavior;

(2) by definition and grading of offenses to give fair warning of what is prohibited and of the consequences of violation;

(3) to prescribe penalties that are proportionate to the seriousness of offenses and that permit recognition of differences in rehabilitation possibilities among individual offenders;

(4) to safeguard conduct that is without guilt from condemnation as criminal;

(5) to guide and limit the exercise of official discretion in law enforcement to prevent arbitrary or oppressive treatment of persons suspected, accused, or convicted of offenses; and

(6) to define the scope of state interest in law enforcement against specific offenses and to systematize the exercise of state criminal jurisdiction.

TEX. PENAL CODE ANN. § 1.02.

"Save as limited by constitutional provisions safeguarding individual rights, a State may choose means to protect itself and its people against criminal violation of its laws. The comparative gravity of criminal offenses and whether their consequences are more or less injurious are matters for its determination." *Pennsylvania v. Ashe*, 302 U.S. 51, 55-56 (1937); *see Crawley v. State*, 513 S.W.2d 62, 66 (Tex. Crim. App. 1974) (holding that "[i]t is within the power of the State to define as criminal conduct whatever acts it sees fit, so long as such acts bear some reasonable relation to the needs of society and the safety and general welfare of the public"). The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted" and is applicable to punishments imposed by state courts through the Fourteenth Amendment's Due Process Clause. U.S. CONST. amends. VIII, XIV; *Robinson v. California*, 370 U.S. 660, 667 (1962). The Eighth

4

Amendment does not require strict proportionality between the crime and the sentence; rather, it forbids extreme sentences that are "grossly disproportionate" to the crime. *Ewing v. California*, 538 U.S. 11, 21 (2003). In general, Texas courts have held that as long as the punishment assessed falls within the statutory range, the punishment is not excessive. *See Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Trevino v. S*tate, 174 S.W.3d 925, 928 (Tex. App.—Corpus Christi 2005, pet. ref'd).

## B. Analysis

Appellant's sentence in count one falls within the punishment range for second-degree felonies, *see* TEX. PENAL CODE ANN. § 12.33(a) (West Supp. 2010) (providing that the applicable range of punishment for a second-degree felony is imprisonment for "any term of not more than 20 years or less than 2 years"). His sentence in count two also falls within the punishment range for a state jail felony, *see id.* § 12.35(a) (providing that the applicable range of punishment for a state jail felony is confinement for "any term of not more than two years or less than 180 days").

Although this normally does not end our inquiry, *see Winchester v. State*, 246 S.W.3d 386, 388 (Tex. App.—Amarillo 2008, pet. ref'd) (recognizing that a prohibition against a grossly disproportionate sentence survives under the federal constitution apart from any consideration whether the punishment assessed is within the statute's punishment range), appellant made no objection to his sentence either at the time of sentencing or in any post-trial motion. To preserve error for appellate review, a party must present a timely objection to the trial court, state the specific grounds for the objection, and obtain a ruling. TEX. R. APP. P. 33.1(a). By failing to specifically object in the trial court or in a post-trial motion, appellant has waived any error for our review.

5

*See Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) ("[I]n order to preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired."); *Trevino*, 174 S.W.3d at 927–28 ("Because the sentence imposed is within the punishment range and is not illegal, we conclude that the rights [appellant] asserts for the first time on appeal are not so fundamental as to have relieved him of the necessity of a timely, specific trial objection."); *see also Lopez v. State*, No. 13-09-00101-CR, 2010 Tex. App. LEXIS 5019, at *2–3 (Tex. App.—Corpus Christi June 29, 2010, pet. ref'd) (mem. op., not designated for publication) (same). Moreover, even had appellant preserved error, punishment which falls within the limits prescribed by a valid statute, as in this case, is not excessive, cruel, or unusual. *See Trevino*, 174 S.W.3d at 928.

We overrule appellant's sole issue.

### III. MODIFICATION OF JUDGMENT

The trial court's judgment in count one mistakenly lists the offense of conviction as delivery of a controlled substance and the statute as section 481.112 of the health and safety code. It is clear, however, from the original judgment, in which adjudication was deferred, and other documents in the record that the proper offense is possession of a controlled substance under section 481.115 of the health and safety code. See TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (d) (West 2010). Because we have the necessary documentation and evidence for reformation, we modify the trial court's judgment to reflect the correct statute for the offense—section 481.115 of the health and

6

safety code. *See id.*; TEX. R. APP. P. 43.2; *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993) (en banc).

## IV. CONCLUSION

We affirm the trial court's judgment as modified.


DORI CONTRERAS GARZA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
18th day of August, 2011.

7