

# NUMBER 13-10-00657-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**DOMINGO LUERA,**                                        **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                **Appellee.**

**On appeal from the 148th District Court
of Nueces County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion by Justice Garza**

By a single issue, appellant Domingo Luera contends that his sentence "violates his U[.]S[.] constitutional due process right to receive a sentence which is not more than necessary to accomplish all of the objectives in the Texas Penal Code."[1] We affirm.

---

[1] We mention at the outset that appellant's argument mirrors those made in *Clifford v. State*, No. 13-10-00256-CR, 2010 Tex. App. LEXIS 9750, at *9–15 (Tex. App.—Corpus Christi Dec. 9, 2010, pet.

## I. BACKGROUND

On August 24, 2007, appellant pleaded guilty to one count of sexual assault, a second-degree felony. *See* TEX. PENAL CODE ANN. § 22.011(a)(1)(B), (f) (West Supp. 2010). The trial court placed appellant on deferred adjudication community supervision for five years and imposed a $250.00 fine. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(a) (West Supp. 2010).

On April 16, 2010, the State filed a motion to revoke appellant's deferred adjudication community supervision, alleging various violations of the terms of appellant's community supervision. Appellant pleaded "true" to many of the State's allegations. After hearing evidence, the trial court found many of the State's allegations "true," revoked appellant's community supervision, adjudicated him guilty, and sentenced him to fifteen years' imprisonment. *See* TEX. PENAL CODE ANN. § 12.33 (West Supp. 2010).

## II. CONSTITUTIONALITY OF SENTENCE

By a single issue, appellant contends that the sentence imposed "violates his U[.]S[.] constitutional right to receive a sentence which is not more than necessary to accomplish all of the objectives in the Texas Penal Code." He argues that "a sentence

---

ref'd) (mem. op., not designated for publication), and *Garcia v. State*, No. 13-10-00281-CR, 2010 Tex. App. LEXIS 8432, at *8–12 (Tex. App.—Corpus Christi Oct. 21, 2010, pet. ref'd) (mem. op., not designated for publication). Likewise, our analysis follows this Court's precedent set out in those cases. *See Clifford*, 2010 Tex. App. LEXIS 9750, at *9–15; *Garcia*, 2010 Tex. App. LEXIS 8432, at *8–12. As in *Garcia* and *Clifford*, appellant states throughout his brief that his arguments are "foreclosed under current law but [are] raise[d] . . . in an adversarial fashion for purposes of preserving error for possible further review." *See Garcia*, 2010 Tex. App. LEXIS 8432, at *2 n.1; *Clifford*, 2010 Tex. App. LEXIS 9750, at *1–2 n.1. We note that such "further review" seems unlikely, given that the court of criminal appeals refused to grant petitions for discretionary review in *Garcia* and *Clifford*. *See* TEX. R. APP. P. 69.1 ("If four judges do not vote to grant a petition for discretionary review, the Court will enter a docket notation that the petition is *refused*.").

at the bottom of the statutory range, which would have been 2 years, would have been much more appropriate in this case, and would have accomplished all of the sentencing objectives of the Texas Penal Code." *See id.* § 1.02 (West 2003). He also generally asserts "that his substantive and procedural due process rights were violated when the court imposed a sentence at the higher end of the statutory range, in light of the facts . . . established on the record." *See* U.S. CONST. amends. VIII, XIV.

## A. Applicable Law

The Texas Penal Code sets out the following objectives of sentencing:

The general purposes of this code are to establish a system of prohibitions, penalties, and correctional measures to deal with conduct that unjustifiably and inexcusably causes or threatens harm to those individual or public interests for which state protection is appropriate. To this end, the provisions of this code are intended, and shall be construed, to achieve the following objectives:

(1) to insure the public safety through:

(A) the deterrent influence of the penalties hereinafter provided;

(B) the rehabilitation of those convicted of violations of this code; and

(C) such punishment as may be necessary to prevent likely recurrence of criminal behavior;

(2) by definition and grading of offenses to give fair warning of what is prohibited and of the consequences of violation;

(3) to prescribe penalties that are proportionate to the seriousness of offenses and that permit recognition of differences in rehabilitation possibilities among individual offenders;

(4) to safeguard conduct that is without guilt from condemnation as criminal;

3

(5)  to guide and limit the exercise of official discretion in law enforcement to prevent arbitrary or oppressive treatment of persons suspected, accused, or convicted of offenses; and

(6) to define the scope of state interest in law enforcement against specific offenses and to systematize the exercise of state criminal jurisdiction.

*See* TEX. PENAL CODE ANN. § 1.02.

"Save as limited by constitutional provisions safeguarding individual rights, a State may choose means to protect itself and its people against criminal violation of its laws. The comparative gravity of criminal offenses and whether their consequences are more or less injurious are matters for its determination." *Pennsylvania v. Ashe*, 302 U.S. 51, 55-56 (1937); *see Crawley v. State*, 513 S.W.2d 62, 66 (Tex. Crim. App. 1974) (holding that "[i]t is within the power of the State to define as criminal conduct whatever acts it sees fit, so long as such acts bear some reasonable relation to the needs of society and the safety and general welfare of the public"). The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted" and is applicable to punishments imposed by state courts through the Fourteenth Amendment's Due Process Clause. U.S. CONST. amends. VIII, XIV; *Robinson v. California*, 370 U.S. 660, 667 (1962). The Eighth Amendment does not require strict proportionality between the crime and the sentence; rather, it forbids extreme sentences that are "grossly disproportionate" to the crime. *Ewing v. California*, 538 U.S. 11, 21 (2003). In general, Texas courts have held that as long as the punishment assessed falls within the statutory range, the punishment is not excessive. *See Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Trevino v. State*, 174 S.W.3d 925, 928 (Tex. App.—Corpus Christi 2005, pet. ref'd).

4

**B. Analysis**

Appellant's sentence falls within the punishment range for second-degree felonies, *see* TEX. PENAL CODE ANN. § 12.33(a) (providing that the applicable range of punishment for a second-degree is imprisonment for "any term of not more than 20 years or less than 2 years"). Although this normally does not end our inquiry, *see Winchester v. State*, 246 S.W.3d 386, 388 (Tex. App.—Amarillo 2008, pet. ref'd) (recognizing that a prohibition against a grossly disproportionate sentence survives under the federal constitution apart from any consideration whether the punishment assessed is within the statute's punishment range), appellant made no objection to his sentence either at the time of sentencing or in any post-trial motion. To preserve error for appellate review, a party must present a timely objection to the trial court, state the specific grounds for the objection, and obtain a ruling. TEX. R. APP. P. 33.1(a). By failing to specifically object in the trial court or in a post-trial motion, appellant has waived any error in sentencing for our review. *See Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) ("[I]n order to preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired."); *Trevino*, 174 S.W.3d at 927–28 ("Because the sentence imposed is within the punishment range and is not illegal, we conclude that the rights [appellant] asserts for the first time on appeal are not so fundamental as to have relieved him of the necessity of a timely, specific trial objection."); *see also Lopez v. State*, No. 13-09-00101-CR, 2010 Tex. App. LEXIS 5019, at *2–3 (Tex. App.—Corpus Christi June 29, 2010, pet. ref'd) (mem. op., not designated

for publication) (same). Moreover, even had appellant preserved error, punishment which falls within the limits prescribed by a valid statute, as in this case, is not excessive, cruel, or unusual. *See Trevino*, 174 S.W.3d at 928.

We overrule appellant's sole issue.

### III. CONCLUSION

We affirm the trial court's judgment.

DORI CONTRERAS GARZA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
18th day of August, 2011.