NUMBER 13-10-00657-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI – EDINBURG

                                                                                                                             

 

DOMINGO LUERA,                                                                       Appellant, 

 

v.

 

THE STATE OF TEXAS,                                                               
Appellee.

                                                                                                                             

 

On appeal from the 148th
District Court

of Nueces County, Texas.

                                                                                                                             

 

MEMORANDUM OPINION

 

Before Chief Justice
Valdez and Justices Rodriguez and Garza 

Memorandum Opinion by
Justice Garza

 

                        By
a single issue, appellant Domingo Luera contends that his sentence “violates
his U[.]S[.] constitutional due process right to receive a sentence which is
not more than necessary to accomplish all of the objectives in the Texas Penal
Code.”[1] 
We affirm. 

I. 
Background

                        On
August 24, 2007, appellant pleaded guilty to one count of sexual assault, a
second-degree felony.  See Tex.
Penal Code Ann. § 22.011(a)(1)(B), (f) (West Supp. 2010).  The trial
court placed appellant on deferred adjudication community supervision for five
years and imposed a $250.00 fine.  See Tex.
Code Crim. Proc. Ann. art. 42.12, § 5(a) (West Supp. 2010).  

            On April 16, 2010, the
State filed a motion to revoke appellant’s deferred adjudication community
supervision, alleging various violations of the terms of appellant’s community
supervision.  Appellant pleaded “true” to many of the State’s allegations. 
After hearing evidence, the trial court found many of the State’s allegations
“true,” revoked appellant’s community supervision, adjudicated him guilty, and
sentenced him to fifteen years’ imprisonment.  See Tex. Penal Code Ann. § 12.33 (West
Supp. 2010). 

II. 
Constitutionality of Sentence

            By a
single issue, appellant contends that the sentence imposed “violates his
U[.]S[.] constitutional right to receive a sentence which is not more than
necessary to accomplish all of the objectives in the Texas Penal Code.”  He
argues that “a sentence at the bottom of the statutory range, which would have
been 2 years, would have been much more appropriate in this case, and would have
accomplished all of the sentencing objectives of the Texas Penal Code.”  See
id. § 1.02 (West 2003).  He also generally asserts “that his substantive
and procedural due process rights were violated when the court imposed a
sentence at the higher end of the statutory range, in light of the facts . . .
established on the record.”  See U.S. Const.
amends. VIII, XIV.

A.  Applicable Law

            The Texas
Penal Code sets out the following objectives of sentencing:

The general purposes of this code are
to establish a system of prohibitions, penalties, and correctional measures to
deal with conduct that unjustifiably and inexcusably causes or threatens harm
to those individual or public interests for which state protection is
appropriate. To this end, the provisions of this code are intended, and shall
be construed, to achieve the following objectives:

 

(1)    to insure the public safety through:

 

            (A)
the deterrent influence of the penalties hereinafter provided;

 

            (B)
the rehabilitation of those convicted of violations of this code; and

 

            (C)
such punishment as may be necessary to prevent likely recurrence of criminal
behavior;

 

(2) by
definition and grading of offenses to give fair warning of what is prohibited
and of the consequences of violation;

 

(3) to
prescribe penalties that are proportionate to the seriousness of offenses and
that permit recognition of differences in rehabilitation possibilities among
individual offenders;

 

(4) to
safeguard conduct that is without guilt from condemnation as criminal;

 

(5)  to guide
and limit the exercise of official discretion in law enforcement to prevent
arbitrary or oppressive treatment of persons suspected, accused, or convicted
of offenses; and

 

(6) to define
the scope of state interest in law enforcement against specific offenses and to
systematize the exercise of state criminal jurisdiction.

 

See Tex.
Penal Code Ann.
§ 1.02.

            “Save as
limited by constitutional provisions safeguarding individual rights, a State
may choose means to protect itself and its people against criminal violation of
its laws. The comparative gravity of criminal offenses and whether their
consequences are more or less injurious are matters for its determination.”  Pennsylvania
v. Ashe, 302 U.S. 51, 55-56 (1937); see Crawley v. State, 513 S.W.2d
62, 66 (Tex. Crim. App. 1974) (holding that “[i]t is within the power of the
State to define as criminal conduct whatever acts it sees fit, so long as such
acts bear some reasonable relation to the needs of society and the safety and
general welfare of the public”).  The Eighth Amendment provides that “[e]xcessive
bail shall not be required, nor excessive fines imposed, nor cruel and unusual
punishment inflicted” and is applicable to punishments imposed by state courts
through the Fourteenth Amendment’s Due Process Clause.  U.S. Const. amends. VIII, XIV; Robinson v. California,
370 U.S. 660, 667 (1962).  The Eighth Amendment does not require strict
proportionality between the crime and the sentence; rather, it forbids extreme
sentences that are “grossly disproportionate” to the crime.  Ewing v.
California, 538 U.S. 11, 21 (2003).  In general, Texas courts have held
that as long as the punishment assessed falls within the statutory range, the
punishment is not excessive.  See Jordan v. State, 495 S.W.2d 949, 952
(Tex. Crim. App. 1973); Trevino v. State, 174 S.W.3d 925, 928 (Tex. App.—Corpus
Christi 2005, pet. ref'd).

 

B.  Analysis

            Appellant’s
sentence falls within the punishment range for second-degree felonies, see Tex. Penal Code Ann. § 12.33(a) (providing
that the applicable range of punishment for a second-degree is imprisonment for
“any term of not more than 20 years or less than 2 years”).  Although this
normally does not end our inquiry, see Winchester v. State, 246 S.W.3d
386, 388 (Tex. App.—Amarillo 2008, pet. ref’d) (recognizing that a prohibition
against a grossly disproportionate sentence survives under the federal
constitution apart from any consideration whether the punishment assessed is
within the statute’s punishment range), appellant made no objection to his
sentence either at the time of sentencing or in any post-trial motion.  To
preserve error for appellate review, a party must present a timely objection to
the trial court, state the specific grounds for the objection, and obtain a
ruling.  Tex. R. App. P. 33.1(a).
 By failing to specifically object in the trial court or in a post-trial
motion, appellant has waived any error in sentencing for our review.  See
Noland v. State, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007,
pet. ref'd) (“[I]n order to preserve for appellate review a complaint that a
sentence is grossly disproportionate, constituting cruel and unusual
punishment, a defendant must present to the trial court a timely request,
objection, or motion stating the specific grounds for the ruling desired.”); Trevino,
174 S.W.3d at 927–28 (“Because the sentence imposed is within the punishment
range and is not illegal, we conclude that the rights [appellant] asserts for
the first time on appeal are not so fundamental as to have relieved him of the
necessity of a timely, specific trial objection.”); see also Lopez v. State,
No. 13-09-00101-CR, 2010 Tex. App. LEXIS 5019, at *2–3 (Tex. App.—Corpus
Christi June 29, 2010, pet. ref’d) (mem. op., not designated for publication)
(same).  Moreover, even had appellant preserved error, punishment which falls
within the limits prescribed by a valid statute, as in this case, is not
excessive, cruel, or unusual.  See Trevino, 174 S.W.3d at 928.

We overrule appellant’s
sole issue.

III.
 Conclusion

            We affirm the
trial court’s judgment.

 

 

DORI CONTRERAS GARZA

Justice

 

Do
not publish.

Tex. R. App. P.
47.2(b)

Delivered
and filed the

18th
day of August, 2011.









[1]
We mention at the outset that appellant’s argument mirrors those made in Clifford
v. State, No. 13-10-00256-CR, 2010 Tex. App. LEXIS 9750, at *9–15
(Tex. App.—Corpus Christi Dec. 9, 2010, pet. ref’d) (mem. op., not designated
for publication), and Garcia v. State, No. 13-10-00281-CR, 2010 Tex.
App. LEXIS 8432, at *8–12 (Tex. App.—Corpus Christi Oct. 21, 2010, pet. ref’d)
(mem. op., not designated for publication).  Likewise, our analysis follows
this Court’s precedent set out in those cases.  See Clifford, 2010
Tex. App. LEXIS 9750, at *9–15; Garcia, 2010 Tex. App. LEXIS 8432, at
*8–12.  As in Garcia and Clifford, appellant states throughout
his brief that his arguments are “foreclosed under current law but [are]
raise[d] . . . in an adversarial fashion for purposes of preserving error for
possible further review.”  See Garcia, 2010 Tex. App. LEXIS 8432,
at *2 n.1; Clifford, 2010 Tex. App. LEXIS 9750, at *1–2 n.1.  We
note that such “further review” seems unlikely, given that the court of
criminal appeals refused to grant petitions for discretionary review in Garcia
and Clifford.  See Tex. R.
App. P. 69.1 (“If four judges do not vote to grant a petition for
discretionary review, the Court will enter a docket notation that the petition
is refused.”).