

# NUMBER 13-13-00101-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

TONYA PLATT,                                                                     Appellant,

v.

THE STATE OF TEXAS,                                                         Appellee.

### On appeal from the 347th District Court
### of Nueces County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Memorandum Opinion by Justice Rodriguez

Appellant Tonya Platt appeals her conviction for state-jail felony theft, which was punished as a second-degree felony as a result of multiple prior offenses. *See* TEX. PENAL CODE ANN. §§ 12.425(b), 31.03(a)–(b), (e)(4)(D) (West Supp. 2011). By one issue, Platt argues that her sentence violated her due process right to a sentence that

was not greater than necessary to accomplish the sentencing objectives of the Texas Penal Code. *See id.* § 1.02 (West 2011). We affirm.

## I. Background

Platt was indicted for theft in connection with her unlawful appropriation of cosmetics from Target in Corpus Christi, Texas. The indictment included two enhancement paragraphs detailing four prior offenses by Platt, which allowed the State to seek second-degree felony punishment. *See id.* § 12.45(b). Platt entered an open plea of guilty to the charged offense, and the trial court sentenced her to five years' incarceration. This appeal followed.

## II. Discussion

By her sole issue on appeal, Platt argues that the five-year sentence imposed by the trial court violated her "U.S. constitutional due process right to receive a sentence which is not more than necessary to accomplish all of the objectives in the Texas Penal Code." *See id.* She argues that a sentence of incarceration "at the bottom of the statutory range . . . would have been much more appropriate in this case." She argues "that her substantive and procedural due process rights were violated when the court imposed a [five-year] sentence, in light of the facts . . . established on the record." *See* U.S. CONST. amends. VIII, XIV.

**A. Applicable Law**

The Texas Penal Code sets out the following objectives of sentencing:

The general purposes of this code are to establish a system of prohibitions, penalties, and correctional measures to deal with conduct that unjustifiably and inexcusably causes or threatens harm to those individual or public interests for which state protection is appropriate. To this end, the

2

provisions of this code are intended, and shall be construed, to achieve the following objectives:

(1)    to insure the public safety through:

    (A)    the deterrent influence of the penalties hereinafter provided;

    (B)    the rehabilitation of those convicted of violations of this code; and

    (C)    such punishment as may be necessary to prevent likely recurrence of criminal behavior;

(2)    by definition and grading of offenses to give fair warning of what is prohibited and of the consequences of violation;

(3)    to prescribe penalties that are proportionate to the seriousness of offenses and that permit recognition of differences in rehabilitation possibilities among individual offenders;

(4)    to safeguard conduct that is without guilt from condemnation as criminal;

(5)    to guide and limit the exercise of official discretion in law enforcement to prevent arbitrary or oppressive treatment of persons suspected, accused, or convicted of offenses; and

(6)    to define the scope of state interest in law enforcement against specific offenses and to systematize the exercise of state criminal jurisdiction.

TEX. PENAL CODE ANN. § 1.02.

"Save as limited by constitutional provisions safeguarding individual rights, a State may choose means to protect itself and its people against criminal violation of its laws. The comparative gravity of criminal offenses and whether their consequences are more or less injurious are matters for its determination." *Pennsylvania v. Ashe*, 302 U.S. 51, 55–56 (1937); *see Crawley v. State*, 513 S.W.2d 62, 66 (Tex. Crim. App. 1974) (holding that "[i]t is within the power of the State to define as criminal conduct whatever acts it sees

3

fit, so long as such acts bear some reasonable relation to the needs of society and the safety and general welfare of the public").

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted" and is applicable to punishments imposed by state courts through the Fourteenth Amendment's Due Process Clause. U.S. CONST. amends. VIII, XIV; *Robinson v. California*, 370 U.S. 660, 667 (1962). The Eighth Amendment does not require strict proportionality between the crime and the sentence; rather, it forbids extreme sentences that are "grossly disproportionate" to the crime. *Ewing v. California*, 538 U.S. 11, 21 (2003). In general, Texas courts have held that as long as the punishment assessed falls within the statutory range, the punishment is not excessive. *See Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Trevino v. State*, 174 S.W.3d 925, 928 (Tex. App.—Corpus Christi 2005, pet. ref'd).

**B. Analysis**

Platt's sentence falls within the punishment range for second-degree felonies. *See* TEX. PENAL CODE ANN. § 12.33(a) (West 2011) (providing that the applicable range of punishment for a second-degree felony is imprisonment for "any term of not more than 20 years or less than 2 years"). Platt cites no authority, and we have found none, standing for the proposition that a sentence within the punishment range prescribed by statute somehow runs afoul of the penal code's sentencing objectives. Without more, we are not persuaded by this aspect of Platt's argument on appeal, and we cannot conclude, based on the record and argument before us, that the trial court's decision to impose a

4

sentence in the bottom quarter of the punishment range is contrary to the sentencing objectives of the Texas Penal Code. *See Ashe*, 302 U.S. at 55–56.

To the extent Platt makes an Eighth Amendment challenge, we note that, even when a sentence falls within the statute's punishment range, we would normally inquire into whether the sentence was grossly disproportionate. *See Winchester v. State*, 246 S.W.3d 386, 388 (Tex. App.—Amarillo 2008, pet. ref'd) (recognizing that a prohibition against a grossly disproportionate sentence survives under the federal constitution apart from any consideration whether the punishment assessed is within the statute's punishment range). But here, Platt did not object to her sentence either at the time of sentencing or in any post-trial motion. To preserve error for appellate review, a party must present a timely objection to the trial court, state the specific grounds for the objection, and obtain a ruling. Tᴇx. R. Aᴘᴘ. P. 33.1(a). Specifically, "to preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired." *Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd); *see Trevino*, 174 S.W.3d at 927–28 ("Because the sentence imposed is within the punishment range and is not illegal, we conclude that the rights [appellant] asserts for the first time on appeal are not so fundamental as to have relieved him of the necessity of a timely, specific trial objection."). Therefore, by failing to specifically object in the trial court or in a post-trial motion, Platt failed to preserve any error for our review. Moreover, even had Platt preserved error, a punishment that falls within the limits prescribed by a

5

valid statute, as in this case, is not excessive, cruel, or unusual. *See Trevino*, 174 S.W.3d at 928.

Platt's sole issue is overruled.

### III.   Conclusion

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 17th
day of October, 2013.