NUMBER 13-10-00695-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI – EDINBURG

                                                                                                                             

 

JESUS E. MALDONADO,                                                             Appellant, 

 

v.

 

THE STATE OF TEXAS,                                                               
Appellee.

                                                                                                                             

 

On appeal from the 2nd
25th District Court

of Gonzales County, Texas.

                                                                                                                             

 

MEMORANDUM OPINION

 

Before Chief Justice
Valdez and Justices Rodriguez and Garza 

Memorandum Opinion by
Justice Garza

 

                        By
a single issue, appellant Jesus E. Maldonado contends that his sentence
“violates his U[.]S[.] constitutional right to receive a sentence which is not
more than necessary to accomplish all of the objectives in the Texas Penal
Code.”[1] 
We affirm the judgment as modified.  

I. 
Background

                        On
February 9, 2007, pursuant to a plea agreement, appellant pleaded guilty:  (1)
in count one, to possession of four grams or more but less than two hundred
grams of cocaine, a second-degree felony, see Tex. Health & Safety Code Ann. § 481.115(a), (d) (West
2010); and (2) in count two, to possession of less than one gram of cocaine, a
state jail felony.  See id. §
481.115(b).  Pursuant to the agreement, the trial court:  (1) placed
appellant on deferred adjudication community supervision and imposed a $1,000.00
fine for the count one offense, see Tex.
Code Crim. Proc. Ann. art. 42.12, § 5(a) (West Supp. 2010); and (2)
sentenced appellant to two years’ confinement in state jail, suspended the
sentence, and placed appellant on community supervision for five years for the
offense in count two.  See id. art. 42.12, § 3.  

            On December 10, 2010, the
State filed a first amended motion to adjudicate guilt and motion to revoke
probation, alleging that appellant violated multiple conditions of his
community supervision.  Appellant pleaded “not true” to the State’s
allegations.[2] 
After hearing evidence, the trial court found several of the State’s
allegations “true,” including that appellant had committed two offenses of
criminal trespass.  In count one, the trial court found appellant guilty and
sentenced him to twenty years’ imprisonment.  As to count two, the trial court
sentenced appellant to two years’ imprisonment in the Texas Department of
Criminal Justice–State Jail Division.  The sentences were ordered to run concurrently. 


II. 
Constitutionality of Sentence

            By a
single issue, appellant contends that the sentence imposed “violates his
U[.]S[.] constitutional right to receive a sentence which is not more than
necessary to accomplish all of the objectives in the Texas Penal Code.”  He
argues that “a sentence at the low end of the statutory range would have been
much more appropriate in this case, and would have accomplished all of the
sentencing objectives of the Texas Penal Code.”  See Tex. Penal Code Ann. § 1.02 (West 2003).
 He also generally asserts “that his substantive and procedural due process
rights were violated when the court imposed a sentence at the top end of the
statutory range, in light of the facts . . . established on the record.”  See
U.S. Const. amends. VIII,
XIV.

A.  Applicable Law

            The Texas
Penal Code sets out the following objectives of sentencing:

The general purposes of this code are
to establish a system of prohibitions, penalties, and correctional measures to
deal with conduct that unjustifiably and inexcusably causes or threatens harm
to those individual or public interests for which state protection is
appropriate. To this end, the provisions of this code are intended, and shall
be construed, to achieve the following objectives:

 

(1)    to insure the public safety through:

 

            (A) the deterrent
influence of the penalties hereinafter provided;

 

            (B)
the rehabilitation of those convicted of violations of this code;  and

 

            (C)
such punishment as may be necessary to prevent likely recurrence of criminal
behavior;

 

(2) by
definition and grading of offenses to give fair warning of what is prohibited
and of the consequences of violation;

 

(3) to
prescribe penalties that are proportionate to the seriousness of offenses and
that permit recognition of differences in rehabilitation possibilities among
individual offenders;

 

(4) to
safeguard conduct that is without guilt from condemnation as criminal;

 

(5)  to guide
and limit the exercise of official discretion in law enforcement to prevent
arbitrary or oppressive treatment of persons suspected, accused, or convicted
of offenses; and

 

(6) to define
the scope of state interest in law enforcement against specific offenses and to
systematize the exercise of state criminal jurisdiction.

 

Tex.
Penal Code Ann.
§ 1.02.

            “Save as
limited by constitutional provisions safeguarding individual rights, a State
may choose means to protect itself and its people against criminal violation of
its laws. The comparative gravity of criminal offenses and whether their
consequences are more or less injurious are matters for its determination.”  Pennsylvania
v. Ashe, 302 U.S. 51, 55-56 (1937); see Crawley v. State, 513 S.W.2d
62, 66 (Tex. Crim. App. 1974) (holding that “[i]t is within the power of the
State to define as criminal conduct whatever acts it sees fit, so long as such
acts bear some reasonable relation to the needs of society and the safety and
general welfare of the public”).  The Eighth Amendment provides that “[e]xcessive
bail shall not be required, nor excessive fines imposed, nor cruel and unusual
punishment inflicted” and is applicable to punishments imposed by state courts
through the Fourteenth Amendment’s Due Process Clause.  U.S. Const. amends. VIII, XIV; Robinson v. California,
370 U.S. 660, 667 (1962).  The Eighth Amendment does not require strict
proportionality between the crime and the sentence; rather, it forbids extreme
sentences that are “grossly disproportionate” to the crime.  Ewing v.
California, 538 U.S. 11, 21 (2003).  In general, Texas courts have held
that as long as the punishment assessed falls within the statutory range, the
punishment is not excessive.  See Jordan v. State, 495 S.W.2d 949, 952
(Tex. Crim. App. 1973); Trevino v. State, 174 S.W.3d 925, 928 (Tex. App.—Corpus
Christi 2005, pet. ref'd).

B.  Analysis

            Appellant’s
sentence in count one falls within the punishment range for second-degree
felonies, see Tex. Penal Code Ann.
§ 12.33(a) (West Supp. 2010) (providing that the applicable range of punishment
for a second-degree felony is imprisonment for “any term of not more than 20
years or less than 2 years”).  His sentence in count two also falls within the
punishment range for a state jail felony, see id. § 12.35(a) (providing
that the applicable range of punishment for a state jail felony is confinement
for “any term of not more than two years or less than 180 days”).  

            Although
this normally does not end our inquiry, see Winchester v. State, 246
S.W.3d 386, 388 (Tex. App.—Amarillo 2008, pet. ref'd) (recognizing that a
prohibition against a grossly disproportionate sentence survives under the
federal constitution apart from any consideration whether the punishment
assessed is within the statute’s punishment range), appellant made no objection
to his sentence either at the time of sentencing or in any post-trial motion.  To
preserve error for appellate review, a party must present a timely objection to
the trial court, state the specific grounds for the objection, and obtain a
ruling.  Tex. R. App. P. 33.1(a).
 By failing to specifically object in the trial court or in a post-trial
motion, appellant has waived any error for our review.  See Noland v. State,
264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref’d) (“[I]n
order to preserve for appellate review a complaint that a sentence is grossly
disproportionate, constituting cruel and unusual punishment, a defendant must
present to the trial court a timely request, objection, or motion stating the
specific grounds for the ruling desired.”); Trevino, 174 S.W.3d at 927–28
(“Because the sentence imposed is within the punishment range and is not
illegal, we conclude that the rights [appellant] asserts for the first time on
appeal are not so fundamental as to have relieved him of the necessity of a
timely, specific trial objection.”); see also Lopez v. State, No.
13-09-00101-CR, 2010 Tex. App. LEXIS 5019, at *2–3 (Tex. App.—Corpus Christi
June 29, 2010, pet. ref’d) (mem. op., not designated for publication) (same).  Moreover,
even had appellant preserved error, punishment which falls within the limits
prescribed by a valid statute, as in this case, is not excessive, cruel, or
unusual.  See Trevino, 174 S.W.3d at 928.

We overrule appellant’s
sole issue.

III.
 Modification of Judgment

            The trial court’s
judgment in count one mistakenly lists the offense of conviction as delivery of
a controlled substance and the statute as section 481.112 of the health and
safety code.  It is clear, however, from the original judgment, in which
adjudication was deferred, and other documents in the record that the proper
offense is possession of a controlled substance under section 481.115 of the
health and safety code.  See
Tex.
Health & Safety Code Ann. § 481.115(a),
(d) (West 2010).  Because we have the necessary documentation and evidence for
reformation, we modify the trial court’s judgment to reflect the correct
statute for the offense—section 481.115 of the health and safety code.  See
id.; Tex. R. App. P. 43.2; Bigley
v. State, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993) (en banc).

IV. 
Conclusion

            We affirm the
trial court’s judgment as modified.

 

 

DORI CONTRERAS GARZA

Justice

 

Do
not publish.

Tex. R. App. P.
47.2(b)

Delivered
and filed the

18th
day of August, 2011.









[1]
We mention at the outset that appellant’s argument mirrors those made in Clifford
v. State, No. 13-10-00256-CR, 2010 Tex. App. LEXIS 9750, at *9–15
(Tex. App.—Corpus Christi Dec. 9, 2010, pet. ref’d) (mem. op., not designated
for publication), and Garcia v. State, No. 13-10-00281-CR, 2010 Tex.
App. LEXIS 8432, at *8–12 (Tex. App.—Corpus Christi Oct. 21, 2010, pet. ref’d)
(mem. op., not designated for publication).  Likewise, our analysis follows
this Court’s precedent set out in those cases.  See Clifford, 2010
Tex. App. LEXIS 9750, at *9–15; Garcia, 2010 Tex. App. LEXIS 8432, at
*8–12.  As in Garcia and Clifford, appellant states throughout
his brief that his arguments are “foreclosed under current law but [are]
raise[d] . . . in an adversarial fashion for purposes of preserving error for
possible further review.”  See Garcia, 2010 Tex. App. LEXIS 8432,
at *2 n.1; Clifford, 2010 Tex. App. LEXIS 9750, at *1–2 n.1.  We
note that such “further review” seems unlikely, given that the court of
criminal appeals refused to grant petitions for discretionary review in Garcia
and Clifford.  See Tex. R.
App. P. 69.1 (“If four judges do not vote to grant a petition for
discretionary review, the Court will enter a docket notation that the petition
is refused.”).

 





[2]
Appellant’s counsel entered the plea.  After numerous warnings from the trial
court, appellant was removed from the courtroom “due to continuing disruptive
behavior and loud outbursts including cursing [and] . . . wrestling with or
resisting the officers as they attempted to restrain him . . . .”